EVANS ELECTRICAL CONST. CO., a Corporation, Petitioner,

v.

Hon. Edward J. McMANUS, Judge of the District Court for the Northern District of Iowa, Respondent.

No. 17827.

United States Court of Appeals Eighth Circuit.

Dec. 2, 1964.

Francis L. Kenney, Jr., of Kenney & Reinert, St. Louis, Mo., and Frank Jacobs, of Sifford, Wadden & Davis, Sioux City, Iowa, for petitioner.

Wiley E. Mayne, Jesse E. Marshall and Charles R. Wolle, of Shull, Marshall, Mayne, Marks & Vizintos, Sioux City, Iowa, for Westinghouse Elec. Corp.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner has filed an application for a writ in the nature of mandamus, under 28 U.S.C.A. § 1651, against respondent as district judge, and requests the issuance of a rule to show cause.

The writ is sought to effect the vacation of an order striking from petitioner's answer, as defendant in a suit in the district court, one of the affirmative defenses set up in it.

The suit involved was one under the Miller Act, 40 U.S.C.A. § 270a et seq., arising out of a construction project at the Air Force Base, Sioux City, Iowa, brought by Westinghouse Electric Corporation against the general contractor and the surety on its payment bond, to recover the purchase price of some electrical equipment furnished by Westinghouse to petitioner as a subcontractor.

Petitioner had asked and was granted leave to intervene in the suit as a defendant. In the answer which it filed, it set up the affirmative defense that Westinghouse had entered into a combination with five other electrical equipment manufacturers to fix prices on sales in the State of Iowa of the articles which petitioner obtained from Westinghouse, and that under the Iowa statutes there was in this situation no liability on petitioner's part to Westinghouse for the articles.

Under § 553.1, Ia. Code Ann., it is unlawful for a corporation transacting or conducting business in Iowa to enter into a price-fixing combination on articles or commodities sold in the State; and under § 553.5, the purchaser in such a situation "shall not be liable for the price or payment thereof, and may plead such provisions as a defense to any action for such price or payment".

The papers before us indicate merely that the defense was stricken by respondent, on motion of Westinghouse, as being "insufficient as a matter of law". If basis existed to contend "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation", then petitioner should, within the intent and purpose of 28 U.S.C.A. § 1292(b), have made attempt to get respondent to so state in the order, to enable it to make application for permission to take an interlocutory appeal. No such attempt at proceeding by interlocutory appeal was made.

One who seeks to have such an interlocutory order overturned cannot choose in a situation of ordinary circumstances to proceed by way of mandamus instead of attempting to proceed by way of § 1292(b). Allstate Ins. Co. v. United States District Court, etc., 264 F.2d 38, 39–40 (C.A. 6, 1959); Regec v. Thornton, 275 F.2d 801 (C.A. 6, 1960). Nor is there a right in a situation of such circumstances to seek mandamus even where an attempt has been made and denied to proceed under § 1292(b). Interlocutory orders whose consequences are able to be corrected by an appeal from final judgment may not at all be made the subject of relief in mandamus except in extraordinary circumstances. General Houses, Inc. v. Bruchhausen, 256 F.2d 674 (C.A. 2, 1958).

This means that, as to an interlocutory order, which the court has a judicial right to make, mandamus can be sought only to enable justice to be materially furthered in the procedural needs of some extraordinary situation. It cannot be sought merely to shortcut incidents of time, expense, inconvenience, new trial, etc., which are inherent in the orderly course of litigation generally.

Primarily, the "use of the writ [of mandamus] in aid of appellate jur-

954

isdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943).

Resort to the writ beyond this use should be permitted only in "extraordinary causes"—generally speaking, "only where appeal is a clearly inadequate remedy." Ex parte, Fahey, 332 U.S. 258, 256–260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384–385, 74 S.Ct. 145, 149, 98 L.Ed. 106.

Petitioner argues that review of respondent's action here through an appeal from the final judgment would constitute an inadequate remedy, in that the "wrong to Petitioner could not be corrected on appeal because Petitioner could not show on appeal that a different result would have been reached * * * in the trial", if the defense had been permitted to stand.

But if the striking of the defense was error, in that it was a matter which petitioner was entitled in law to have developed and considered on the trial, then any judgment of liability which might be rendered against petitioner would necessarily be required to be reversed on appeal. The question would not be whether a different result would in fact have been produced on the trial, but whether the defense could be regarded as legally having the capacity to do so, if it were established. We of course, make no examination of and intend no intimation on the question itself.

The situation here cannot be contended to be different from that of other cases generally in which defenses are stricken by a trial court, and where the question is simply whether error was committed which entitles a party to the reversal of the judgment on appeal therefrom. As we have indicated, the fact that it may be necessary to remand a cause for a new trial or other proceedings does not of itself amount to "extraordinary circumstances" on which to predicate an application for a writ of mandamus.

Application for writ dismissed.