**AMERICAN FLYERS AIRLINE CORPORATION, Defendant-Petitioner,**

v.

George E. FARRELL, as Administrator of the Estate of Ralph D. Johnson, deceased, et al., Plaintiffs-Respondents.

**AMERICAN FLYERS AIRLINE CORPORATION, Defendant-Petitioner,**

v.

William McGUIGAN, as Administrator of the Goods and Chattels, Rights and Credits of Robert G. McGuigan, deceased, William W. Bart, as Administrator of the Goods and Chattels, Rights and Credits of William Richard Bart, deceased, and Leo Ray Burnett, Sr., as Administrator of the Estate of Leo Ray Burnett, Jr., deceased, Plaintiffs-Respondents.

**AMERICAN FLYERS AIRLINE CORPORATION, Defendant-Petitioner,**

v.

William P. KENNELLY and Dorothy Kennelly, as Administrators of the Goods, Chattels and Credits of William T. Kennelly, deceased, Plaintiffs-Respondents.

**AMERICAN FLYERS AIRLINE CORPORATION, Defendant-Petitioner,**

v.

Dorothy WILLS, as Administratrix of the Goods, Chattels and Credits of Lemuel Wills, Jr., deceased, Plaintiff-Respondent.

**AMERICAN FLYERS AIRLINE CORPORATION, Defendant-Petitioner,**

v.

Elizabeth Holt DAVIDSON, individually and as Parent and Natural Guardian of Barry W. Holt, an infant, deceased, Plaintiff-Respondent.

**AMERICAN FLYERS AIRLINE CORPORATION, Defendant-Petitioner,**

v.

Hon. John F. X. McGOHEY, Judge of the United States District Court for the Southern District of New York, Respondent.

**Docket 31739.**

United States Court of Appeals Second Circuit.

Motion Argued Nov. 6, 1967.

Decided Nov. 22, 1967.

Phillip D. Bostwick, Washington, D. C. (Shaw, Pittman, Potts, Trowbridge & Madden, Washington, D. C., and Austin P. Magner and Condon & Forsyth, New York City, on the brief), for defendant-petitioner.

Lee S. Kreindler, New York City, (Andrew P. O'Rourke and Kreindler & Kreindler, New York City, on the brief), for plaintiffs-respondents Farrell, and others.

Frederick C. Stern, New York City, (Speiser, Shumate, Geoghan & Krause, New York City, on the brief), for plaintiffs-respondents McGuigan, Burnett, Bart and Davidson.

Before LUMBARD, Chief Judge, and MEDINA and HAYS, Circuit Judges.

MEDINA, Circuit Judge:

Judge McGohey having denied the motions of American Flyers Airline Corporation to transfer, pursuant to 28 U.S.C., Section 1404(a), several tort actions to the Eastern District of Oklahoma where an airplane crash occurred on April 22, 1966, we are urged to issue a writ of mandamus compelling the transfer. There is the usual aggregation of arguments supporting the contention that considerations of fairness and justice, the convenience of witnesses, stipulations for paying the expenses of transporting witnesses, and the requirements of sound judicial administration so far outweigh the reasons given by Judge McGohey for refusing to order the transfer as to make his ruling a "clear abuse of discretion." That Judge McGohey did exercise his discretion is abundantly plain. His opinion below is reported at 42 F.R.D. 341. Moreover, it cannot be doubted that we lack power under the All Writs statute, 28 U.S.C., Section 1651, to consider the pros and cons and issue the writ even if we should conclude that Judge McGohey's order was wrong and that we would have directed the transfer had the original application been addressed to us. The reason, as quoted, from De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945), by our brother Friendly in his concurring opinion in A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 446 (2 Cir. 1966) is that the All Writs statute cannot "be availed of to correct a mere error in the exercise of conceded judicial power", but can be used only "when a court has no judicial power to do what it purports to do—when its action is not mere error but usurpation of power."

The test is the one we announced as long ago as 1955 in Torres v. Walsh, 221 F.2d 319 (2 Cir. 1955), cert. denied, 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 746, citing a long line of Supreme Court cases to the effect that the writ may issue only "in really extraordinary causes."

What has brought down upon us this plague of ill-advised mandamus petitions in cases of transfer applications under 28 U.S.C. Section 1404(a), is the use, sometimes even in Supreme Court opinions, of the inherently ambiguous phrases "clear abuse of discretion," "clear cut abuse of discretion," and so on. The use of such misleading phrases is nothing short of an invitation to the defeated party, who seems always to be quite convinced that the judge is wrong, and who as often as not is also playing for delay, to apply for mandamus and give us a full scale review of every detail tending to support the transfer. Where it is evident as here that the Judge has exercised his discretion in a judicial manner, and that the case before us is not a "really extraordinary cause" we should summarily deny the petition for mandamus. In this connection it is worthy of note that this Court has never in its entire history granted one of these writs to compel a transfer.

That our conclusions as above stated are in accord with the view of the Supreme Court is made perfectly manifest by the reasons given by Chief Justice Warren for the vacation of a mandamus granted by the Seventh Circuit in Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305, decided on November 13, 1967. Again and again is emphasis placed upon the "extraordinary" character of the writ. The very quotation from Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947), we relied upon in Torres v. Walsh, supra, 221 F.2d 319, 321, is repeated: "As extraordinary remedies, they (the Great Writs) are reserved for really extraordinary causes." That the occasional references in earlier opinions to the abuse of discretion were intended only as a gloss upon the "really extraordinary causes" ruling is clear from the following quotation from footnote 6:

Courts faced with petitions for the peremptory writs must be careful lest

they suffer themselves to be misled by labels such as "abuse of discretion" and "want of power" into interlocutory review of nonappealable orders on the mere ground that they may be erroneous. Will v. United States, supra, 389 U.S. 90, 98, (1967). 88 S.Ct. 269, 275, 19 L.Ed.2d 305 (1967).

The ruling thus made was concurred in by the entire court, except that Mr. Justice Marshall did not participate. The concurring opinion of Mr. Justice Black, however, used the slightly different phrase "where there are extraordinary circumstances."

There is nothing "really extraordinary" about this cause. Nor are there any "extraordinary circumstances." Whenever there is an airplane crash and a considerable number of persons are killed or injured, it is more or less inevitable that actions for recovery of damages will be brought by the survivors and by the representatives of those who lost their lives, and each will seek a state or federal forum convenient to him and one where he thinks his recovery will be as large as possible. It is also more or less inevitable, depending upon the circumstances of particular plaintiffs, their places of residence and the applicability of state laws, that some of the cases will be transferred, if all are pending in federal courts, to the court functioning in the place where the crash occurred. By the same token some of the applications for transfer will be denied. That is what has happened here. This state of affairs is not even unusual let alone "really extraordinary." As transfer motions are always addressed to the discretion of the court, it need not surprise anyone that the discretion is sometimes exercised in favor of granting the transfer and sometimes not.

Moreover, this is clearly not a case of judicial intransigence or persistent flouting of the Rules.

Petition for mandamus denied.