**TECHNITROL, INC., Petitioner,**

v.

**Honorable Edward J. McMANUS, United States District Judge for the Northern District of Iowa, Cedar Rapids Division, Respondent.**

**No. 19447.**

United States Court of Appeals
Eighth Circuit.

Dec. 24, 1968.

by, Atlanta, Ga., were on the brief with S. C. Yuter, New York City.

Morris Relson, New York City, for respondent (Collins Radio Co.) and filed brief and reply brief.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

On September 17, 1968, Technitrol, Inc. (Technitrol), petitioned this court pursuant to 28 U.S.C.A. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure for a writ of mandamus directed to the Honorable Edward J. McManus, District Judge for the Northern District of Iowa, requiring Judge McManus to vacate an order he entered on August 14, 1968, in Technitrol, Inc. v. Collins Radio Company (Collins), denying a motion by Technitrol to remand or retransfer the case to the Northern District of Georgia, Atlanta Division.

This court by order dated September 20, 1968, directed respondents to answer and fixed time for briefing. Briefs have been filed and the mandamus case has been orally argued and submitted to us.[1]

The case involved in this proceeding is a complex patent infringement suit commenced by Technitrol against Collins on August 25, 1967, in the United States District Court at Atlanta. Technitrol seeks relief in the form of an injunction and damages. Collins on October 26, 1967, filed a motion in the Georgia Court to transfer the case to the Northern District of Iowa, Cedar Rapids Division, based on convenience and justice under 28 U.S.C.A. § 1404(a), and upon failure to comply with venue requirements under 28 U.S.C.A. § 1406.

The transfer issue was heard and determined in Georgia by Judge Smith after full consideration of extensive affidavits and briefs filed by the opposing parties. A comprehensive order directing

S. C. Yuter, of Yuter & Spiecens, New York City, for petitioner; James C. Nemmers, of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, Iowa, Laurence B. Dodds, Great Neck, N. Y., and George M. Hopkins, of Newton, Hopkins & Orms-

1. While Judge McManus is named as the only respondent in the caption, Rule 21 provides that all parties below other than the petitioner shall also be deemed respondents for all purposes. The burden of briefing and argument on behalf of all respondents has been assumed by counsel for Collins.

the transfer on the ground of convenience and justice was filed on February 1, 1968. In such order, Judge Smith compliments counsel on their thorough and energetic efforts in presenting the questions raised by the motion. He lists the factors to be considered in a § 1404(a) motion, as set out in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L. Ed. 1055, and other cases, and sets forth his findings with respect to such factors, including a finding reading:

> "Accordingly, the strong ties to Cedar Rapids when compared with the tenuous connection with this forum both as to the element of convenience of the parties and the separate element of the interests of justice support the transfer to the Cedar Rapids forum. * * * "

Judge Smith in his order states that the issue of venue in Georgia is hotly contested and that litigation of the venue issue might result in a significant delay and added expense, and that the better course is to remit the parties to a district where there is no doubt as to venue. Judge Smith makes it clear that he is not resting his ruling on the venue ground by stating: "The Court does not deem it necessary to rest this transfer upon that ground and this order should not be construed as a ruling for or against the contention as to improper venue."

Judge Smith further points out that there is a likelihood of a speedier trial in Iowa as the weighted case load there is substantially lower than that in Georgia.

Pursuant to such order, the files in the case were immediately transferred to the Iowa court and received there on February 1, 1968.

No attempt was made by Technitrol to obtain reconsideration of the transfer order, to take an interlocutory appeal from the Georgia order under 28 U.S.C.A. § 1292(b),[2] nor was mandamus relief sought from the Fifth Circuit.

■ Technitrol states it had no opportunity to apply to the Georgia court for reconsideration or to the Fifth Circuit for relief because jurisdiction was lost by the immediate transfer of the case out of the circuit. It would appear to be the better procedure to hold up the transfer for a reasonable time pending possible petition for reconsideration or review. We believe that it is highly probable that if Judge Smith had been timely advised of Technitrol's desire to appeal or seek mandamus, he could and would have requested and received a return of the papers from Iowa with an appropriate order of retransfer if such is required. See and compare Swindell-Dressler Corp. v. Dumbauld, 3 Cir., 308 F.2d 267; Panhandle Eastern Pipe Line Co. v. Federal Power Comm., 8 Cir., 343 F.2d 905, 908–909.

In I-T-E Circuit Breaker Co. v. Becker, 8 Cir., 343 F.2d 361, we reviewed by mandamus the validity of an order of transfer in a situation where the case had already been transferred to and accepted by the Illinois Federal District Court.

The Seventh and Fourth Circuits have held that they have no jurisdiction to consider the propriety of an order of transfer made by a district court of another circuit. Purex Corp. v. St. Louis Nat. Stockyards Co., 7 Cir., 374 F.2d 998, 1000; Preston Corp. v. Raese, 4 Cir., 335 F.2d 827, 828. The Second Circuit has held that the writ must be reviewed if at all by the circuit to which the case is

2. The Fifth Circuit has expressed the view that an order transferring venue should be attacked by a §, 1292(b) proceeding rather than by mandamus. Humble Oil & Refining Co. v. Bell Marine Service, Inc., 5 Cir., 321 F.2d 53. The Eighth Circuit discusses the § 1292(b) remedy in Evans Elec. Const. Co. v. McManus, 8 Cir., 338 F.2d 952, 953. Other circuits have held the § 1292(b) relief inappropriate. See A. Olinick & Sons v. Dempster Bros., Inc., 2 Cir., 365 F.2d 439, 442–443, and cases there cited. It is unnecessary for the purpose of the disposition of this case for us to determine the appropriateness of the § 1292(b) remedy.

transferred. Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866, 869-870.

■ While we have grave doubt whether we have any right to review the validity of a transfer order made by a federal District Court outside the circuit, we deem it unnecessary to resolve such question here. No effort was made to invoke our jurisdiction prior to the September 17, 1968, petition for mandamus. This was more than seven months after the Georgia transfer order. Such an unreasonable delay standing alone is a sufficient basis for our refusal to exercise our discretionary power to entertain the writ so far as it pertains to relief from the Georgia transfer order.

The issue remains whether Technitrol is entitled to the writ of mandamus prayed for which would direct Judge McManus to vacate his order of August 14, 1968, denying Technitrol's motion to remand or retransfer the case to Georgia and whether Judge McManus should be ordered to transfer the case to Georgia.

■ We shall review the governing law with respect to the circumstances under which a writ of mandamus may be granted. In McGraw-Edison Co. v. Van Pelt, 8 Cir., 350 F.2d 361, this court en banc held that a court of appeals possesses the power to issue a writ of mandamus under extraordinary circumstances to correct a § 1404(a) transfer order. We emphasized, however, that we were not opening the door to any loose issuance of the writ and that the traditional restraint must be exercised by an appellate court in relation to the issuance of any writ:

"The only relief which a party will be permitted to seek in such a situation is against manifest judicial arbitrariness. Unless it is made clearly to appear that the facts and circumstances are without any basis for a judgment of discretion, the appellate court will not proceed further to examine the district court's action in the situation. If the facts and circumstances are rationally capable of providing reasons for

what the district court has done, its judgment based on those reasons will not be reviewed. Chemetron Corporation v. Perry, 295 F.2d 703, 704 (7 Cir. 1961). Where basis exists for judgment of discretion, the appellate court may not substitute its own discretion for that of the district court." 350 F. 2d 361, 363.

In that case, we held that the record supplied a reasonable basis for the exercise of discretion by the trial court and we denied the petition.

In Evans Elec. Const. Co. v. McManus, 8 Cir., 338 F.2d 952, 953-954, we held:

"Primarily, the 'use of the writ [of mandamus] in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S. Ct. 938, 941, 87 L.Ed. 1185 (1943).

"Resort to the writ beyond this use should be permitted only in 'extraordinary causes'—generally speaking, 'only where appeal is a clearly inadequate remedy.' Ex parte Fahey, 332 U.S. 258, 256-260, 67 S.Ct. 1558, 1559, 91 L. Ed. 2041, * * *."

In A. Olinick & Sons v. Dempster Bros., Inc., 2 Cir., 365 F.2d 439, 443-444, the court cites many cases from various circuits dealing with the availability of mandamus, and then states: "What emerges from a review of the cases is a strong sense of appellate reluctance to interfere with the District Court's exercise of its discretion under 28 U.S.C. § 1404(a)." The court goes on to hold that an appellate court should not review the record de novo; that mandamus does not lie to review mere error but only to redress a clear abuse of discretion; that the Second Circuit has never overturned a transfer order for abuse of discretion and that other courts have done so infrequently and then only in the most clear-cut cases.

In Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305, the government obtained a writ of mandamus from the Seventh Circuit vacating an order of the district judge requiring the government to provide defendant with certain information. The Court observes that the parties devoted substantial argument to the propriety of the district judge's order. The Court finds that it is unnecessary to reach such question, stating among other things:

> "The peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' Roche v. Evaporated Milk Assn., 319 U.S. 21, 26 [63 S.Ct. 938, 941, 87 L.Ed. 1185] (1943). While the courts have never confined themselves to an arbitrary and technical definition of 'jurisdiction,' it is clear that only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy."
>
> \* \* \* \* \* \*
>
> "And the party seeking mandamus has 'the burden of showing that its right to issuance of the writ is "clear and indisputable." '
>
> \* \* \* \* \* \*
>
> "Thus the most that can be claimed on this record is that petitioner may have erred in ruling on matters within his jurisdiction. See Parr v. United States, 351 U.S. 513, 520 [76 S.Ct. 912, 917, 100 L.Ed. 1377] (1956). But '[t]he extraordinary writs do not reach to such cases; they may not be used to thwart the congressional policy against piecemeal appeals.' Id., at 520–521 [76 S.Ct. 912 at 917]. Mandamus, it must be remembered, does not 'run the gauntlet of reversible errors.' Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 382 [74 S.Ct. 145, 147, 98 L.Ed. 106] (1953). Its office is not to 'control the decision of the trial court,' but rather merely to confine the lower court to the sphere of its discretionary power. Id., at 383 [74 S.Ct. 145, at 148]." 389 U.S. 90, 95, 96, 103–104, 88 S.Ct. 273.

See American Flyers Airline Corp. v. Farrell, 2 Cir., 385 F.2d 936.

Technitrol's first attack upon the transfer order was made by a motion to remand and retransfer, filed in the Iowa court on April 25, 1968, nearly three months after the Georgia court's transfer order. In the meantime, Collins had filed an answer to the complaint and an amendment to answer and counterclaim, asserting antitrust violations, and had brought in a third-party defendant, whom Collins claimed had agreed to indemnify it. Technitrol had filed a second complaint in Georgia, reiterating substantially the claims asserted in the first complaint, and joining additional defendants. Motions to dismiss and stay were filed and the action was subsequently stayed pending the resolution of the Iowa retransfer motion.

The present petition of mandamus was filed September 17, 1968, some thirty-three days after the Iowa court's order, and thirteen months after the original action was commenced. It would clearly appear that the continuation of the transfer proceedings would further unduly delay the already long delayed trial on the merits and would not be in the interest of justice and would thwart the congressional policy against unreasonable delay in litigation by means of piecemeal appeals.

■ The ruling on the transfer order, as is the situation with interlocutory orders generally, remains open for consideration upon appeal from final judgment. Southern Railway Co. v. Madden, 4 Cir., 235 F.2d 198, 200; see Evans Elec. Const. Co. v. McManus, supra; Carr v. Donohoe, 8 Cir., 201 F.2d 426.

The motion to remand asserts three grounds, to-wit: (1) New evidence in support of venue in Georgia. (2) New developments found in the amended answer and counterclaim shift the balance of convenience in favor of the Georgia court. (3) Retransfer would permit the

consolidation of this case with the new case brought in Georgia making Delta Airlines a party. Additional affidavits were filed and the issues presented by the motion were briefed. On August 14, 1968, Judge McManus filed an order denying the motion, stating:

"It is the view of the court that to entertain such a determination would be tantamount to reviewing Judge Smith's order of February 1, 1968, thus constituting a usurpation of appellate function and interference with orderly judicial process. Devex Corp. v. General Motors Corp., 263 F.Supp. 17, 23 (D.Del.1967); Gulf Research & Development Co. v. Schlumberger Well Surveying Corp., 98 F.Supp. 198, 201 (D.Del.1951), mandamus denied sub nom. Gulf Research & Development Co. v. Leahy, 193 F.2d 302 (3d Cir. 1951), aff'd, 344 U.S. 861 [73 S.Ct. 102, 97 L. Ed. 668] (1952)."

■ In our view, the new grounds asserted and the additional affidavits filed have little bearing upon the issue of transfer of venue under § 1404(a). The new evidence bears almost wholly upon the question of whether venue exists in Georgia. Such new evidence is controverted. As previously pointed out, Judge Smith specifically disclaimed basing the transfer upon improper venue in Georgia. There is little if any evidentiary support for the contention that the new issues and new parties brought into the controversy create any material change in the balance of convenience issue. No reasonable explanation appears why Technitrol did not bring in Delta in the original action if it wished to include that company as a defendant.

■ We believe that Judge McManus was justified in stating that entertaining the motion would be tantamount to reviewing Judge Smith's order. In our view, a necessary implication from such determination is that Judge McManus determined that the record on transfer before him was not significantly different from the record considered by Judge Smith. Such a determination is fully warranted by the record.

In Gulf Research & Development Co., cited by Judge McManus, the Delaware trial judge determined that although he might have power to review the transfer order of California Judge Harrison, he did not deem it proper to do so, basing his decision upon the following reasoning:

"To do so would be a usurpation of an appellate function; and on at least one other occasion I have refused to so act. Though counsel for plaintiffs and defendant have addressed themselves both in their briefs and oral argument to the merits of Judge Harrison's holding on the venue question, all of the contentions on the merits were before Judge Harrison. It is now for an appellate court—not for ·me—to correct any error, if error there be, in his opinion. It is not only the principle of comity and the fact that Judge Harrison's opinion may be likened, at this stage, to the 'law of this case' which compels me to this conclusion, but, what seems of most importance to me are considerations for the orderly functioning of the judicial process. If I should grant plaintiffs' motion and say, in effect, to Judge Harrison, 'You were wrong in transferring this case to Delaware,' I do not think he, in turn, would be any more bound to take and try the case on the merits, thereby respecting my views, than I had shown myself to be in ignoring his considered judgment. If both Judge Harrison and I were obdurate in our positions, this case could conceivably shuttle back and forth interminably between California and Delaware. Such an eventuality should be avoided." 98 F.Supp. 198, 201.

The Third Circuit denied mandamus on the ground that there were no extraordinary circumstances which called for resort to mandamus. The Supreme Court affirmed, by an equally divided court. 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668. See Rinaldi v. The Elisabeth Bakke, N.D.Cal., 107 F.Supp. 975, 976; Devex Corp. v. General Motors Corp., D.Del., 263 F.Supp. 17, 23; 1 Moore's

Federal Practice ¶ 0.145[4.4]; 1A Moore's Federal Practice ¶ 0.404[8].

Judge Smith's transfer order is not, as we have hereinabove stated, directly before us for review. The record before Judge Smith and his transfer order were before Judge McManus at the time that he issued the order denying the retransfer. It appears to us that Judge Smith's order is a well-reasoned order which sets forth proper legal standards and sets out evidentiary support for the findings made. It is our view that Judge McManus was justified in exercising his discretion by refusing to redetermine the same issue which had been fully considered and resolved by Judge Smith upon substantially the same record.

 Moreover, an appellate court is vested with a large discretion of its own in determining whether a writ of mandamus should be granted. In our view, Technitrol has not on the record before us met the heavy burden resting upon it to establish that its right to the issuance of the writ is clear and indisputable.

The petition for mandamus is denied.