In re Petition of GORDON LEE WILKINS.

No. 12406.
Decided Nov. 16, 1972.
503 P.2d 23.

MEMO OPINION

PER CURIAM:

This is an original proceeding wherein Gordon Lee Wilkins, appearing pro se, petitions this Court for postconviction relief. He contends the district court failed to make an adequate record in determining whether his plea was entered intelligently and voluntarily.

Petitioner was on trial before a jury in the district court of

Cascade County on a charge of first degree murder. He was represented by counsel and during the course of trial he asked for and received permission to change his plea from not guilty to a plea of guilty of murder in the second degree, a lesser charge. Upon his plea, he was sentenced to a term of fifty years in the Montana State Prison.

██ Petitioner argues that the district court failed to follow the procedural due process guidelines established by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274. In his brief, petitioner concedes he was aware of the possible range of punishment to which he might be subjected, but asserts he did not know it was a waiver of his privilege against compulsory self-incrimination, the right to confront his accusers, and the right to trial by jury.

Petitioner's trial proceeded for several days and when the next witness would have been an eyewitness to the crime Wilkins, through his counsel, sought a recess and counsel requested a conference with the trial judge with regard to a change of plea. Considerable time was taken in discussion between court and counsel in chambers and petitioner was at times present in the chambers. From these facts it is obvious that petitioner did not want to be confronted by the eyewitness and desired to waive his right to trial by jury and his privilege against self-incrimination, in other words he wanted to conclude the matter on the best terms he could get.

There is no merit to his petition and it is denied and this proceeding is ordered dismissed.

██ With his petition here, Wilkins attaches a letter complaining about his transfer from the Montana State Prison to the South Dakota State Prison; the fact that no means to improve himself are furnished in the South Dakota prison and that the state of Montana should furnish the same. These are matters for the consideration of the penal authorities and we do not exercise any control over them nor review their actions. These matters are for the executive department of government.