Gordon Lee **WILKINS**, Appellant,

v.

**Don R. ERICKSON, Warden of the South
Dakota State Penitentiary, Appellee.**

**No. 73-1260.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Sept. 26, 1973.

John N. Gridley, III, Sioux Falls, S. D., for appellant.

Kermit A. Sande, Atty. Gen., and Walter W. Andre, Asst. Atty. Gen., State of South Dakota, Pierre, S. D., and Jonathan Smith, Asst. Atty. Gen., State of Montana, Helena, Mont., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

MATTHES, Senior Circuit Judge.

This appeal, pursuant to a certificate of probable cause, is from an order of the United States District Court for the District of South Dakota transferring a petition for writ of habeas corpus to the District Court of Montana in accordance with 28 U.S.C. § 1404(a).[1]

In September of 1969, appellant, Gordon Lee Wilkins, stood trial for first degree murder in a state court in Cascade County, Montana. The trial terminated when Wilkins entered a plea of guilty to murder in the second degree. He was sentenced to a term of fifty years in the Montana State Prison.

On September 13, 1972, having served almost three years in the Montana institution, appellant was transferred to the South Dakota State Penitentiary pursuant to a contract between the two states for the implementation of the Western Interstate Corrections Compact.

On November 16, 1972, appellant's petition for post-conviction relief, addressed to the Supreme Court of Montana, was denied. In re Wilkins, 503 P. 2d 23 (Mont. 1972).

On February 28, 1973, appellant filed a petition for writ of habeas corpus with the United States District Court for the District of South Dakota, Southern Division, on the grounds

"[t]hat Petitioner's guilty plea was not voluntarily and understandingly given because the record does not disclose that Petitioner was advised and understood that by his plea of guilty he was waiving his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers, the absence of such advice and understanding being inherently prejudicial and contrary to the rights guaranteed by the United States Constitution, amendments V, VI, and XIV."

On March 22, 1973, the district court held a hearing attended by Assistant Attorneys General of South Dakota and Montana, appellant and his counsel. At the conclusion of the hearing, the court, relying on Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), granted the motion of the Assistant Attorney General of South Dakota to transfer the case to the District of Montana. In so doing, the court stated:

"[T]his case could have been brought in either Federal Court, the Federal Court in South Dakota or the Federal Court in Montana, and for that reason, [this] is a case that is subject to transfer and change of venue under subdivision (a) of Section 1404 of Title 28 of the United States Code; and . . . the convenience of the parties and the witnesses, and the interest of justice, would best be served by transferring this case to the Federal

---

1. "§ 1404. Change of venue
(a) For the convenience of parties and witnesses, in the interest of justice, a dis-

trict court may transfer any civil action to any other district or division where it might have been brought."

District Court in the State of Montana, where I might say the action took place, namely, where the applicant was orginally prosecuted and pled guilty to the charge of murder in the second degree, and where the highest court of that State made its decision with reference to post-conviction relief."

The gist of Wilkins' contention is that a habeas corpus petition can be brought only in the federal judicial district where the official maintaining custody of the petitioner is to be found. Wilkins argues that Montana contractually surrendered all control over him to the South Dakota authorities and consequently only South Dakota possesses jurisdiction.

Neither Wilkins nor the appellee has addressed the propriety of an appeal from an order granting transfer under § 1404(a). Nevertheless, as a threshold matter, this court must satisfy itself as to its jurisdiction to entertain the appeal before proceeding to the merits of the case. Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24 (8th Cir. 1964).

It is clearly established, both in this circuit and elsewhere, that an order granting or denying a requested transfer under § 1404(a) is interlocutory in nature and not appealable as of right prior to final judgment. Stelly v. Employers National Ins. Co., 431 F.2d 1251 (5th Cir. 1970), cert. denied, 401 U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971); Kasey v. Molybdenum Corp. of America, 408 F.2d 16 (9th Cir. 1969); Grossman v. Pearlman, 353 F.2d 284 (2d Cir. 1965), cert. denied, 384 U.S. 987, 86 S.Ct. 1887, 16 L.Ed.2d 1004 (1966); *Cf.* Great Northern Ry. Co. v. Hyde, 238 F.2d 852 (8th Cir. 1956), overruled on other grounds, McGraw-Edison Co. v. Van Pelt, 350 F.2d 361 (8th Cir. 1965). *See also* 1 Barron & Holtzoff, Federal Practice and Procedure, § 86.7, pp. 433–35 (Wright ed. 1960); 1 Moore's Federal Practice ¶ 0.147, p. 1961 et seq. (2d ed. 1972). When the order involves an issue of law pertaining to the power of the district court to transfer, the order may be reviewable by a permissive interlocutory appeal pursuant to 28 U.S.C. § 1292(b), if the trial judge so certifies. Technitrol, Inc. v. McManus, 405 F.2d 84, 86 n.2 (8th Cir. 1968), cert. denied, 394 U.S. 997, 89 S.Ct. 1591, 22 L.Ed.2d 775 (1969); 9 Moore's Federal Practice ¶ 110.22[5], p. 267 (2d ed. 1972); Annot., 2 A.L.R.Fed. 573 (1969). However, inasmuch as Judge Nichol has not authorized an appeal under § 1292(b), we are forced to the conclusion that this court lacks jurisdiction to review the order on the basis of an appeal, permissive or otherwise.

Although we would thus be justified in refusing to review the action of the district court, we prefer to follow the course taken by the Ninth Circuit in Kasey v. Molybdenum Corp. of America, *supra*, where the appeal was treated as a petition for the extraordinary writ of mandamus.

The extent to which the writ of mandamus can be used to review an order granting or refusing transfer under § 1404(a) varies widely among the federal appellate courts. *See* 1 Barron & Holtzoff, Federal Practice and Procedure § 86.7, pp. 434–40 (Wright ed. 1960); Annot., 2 A.L.R.Fed. 573 (1969); Annot., 93 A.L.R.2d 802 (1969).

Mandamus is available in this circuit for review of a § 1404(a) transfer order when the writ is sought to prevent a district court from transferring a case to a district where it is alleged the action could not have been brought, or when the writ is sought to rectify a clear abuse of discretion. Technitrol, Inc. v. McManus, 405 F.2d 84 (8th Cir. 1968); McGraw-Edison Co. v. Van Pelt, 350 F.2d 361 (8th Cir. 1965).

Having elected to treat the appeal as a petition for writ of mandamus, we proceed to a consideration of the substan-

tive issue, namely, whether a prisoner may bring a petition for habeas corpus in a federal district court sitting in the state in which he was convicted and sentenced, notwithstanding the fact that the prisoner is confined in another state.

Prior to the decision of the Supreme Court in *Braden, supra,* 28 U.S.C. § 2241(a) [2] was interpreted to limit a district court's habeas corpus jurisdiction to cases in which the prisoner seeking relief was confined within the district's territorial boundaries. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); Developments—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1162 (1960).

Relying on *Ahrens,* at least two courts of appeals have held that a prisoner, confined in a federal penitentiary located in a state other than the sentencing state pursuant to an agreement between the sentencing state and the federal government, may seek federal habeas corpus relief only in a federal district lying within the state of confinement. Mead v. Meier, 449 F.2d 732 (9th Cir. 1971), cert. denied, 406 U.S. 908, 92 S.Ct. 1617, 31 L.Ed.2d 819 (1972); Duncan v. Maine, 295 F.2d 528 (1st Cir. 1961), cert. denied, 368 U.S. 998, 82 S.Ct. 624, 7 L.Ed.2d 536 (1962).

In *Braden,* however, the Court held that a prisoner serving an Alabama sentence in an Alabama prison could attack a Kentucky interstate detainer on federal habeas corpus in a federal court sitting in Kentucky.

In so deciding, Mr. Justice Brennan, writing for the majority, emphasized that the writ does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody. "Read literally, the language of § 2241(a) requires noth-

ing more than the court issuing the writ have jurisdiction over the custodian." 410 U.S. at 495, 93 S.Ct. at 1130. Finding that the Alabama warden acted as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, Justice Brennan concluded that the petitioner was sufficiently "in custody" of Kentucky authorities. 410 U.S. at 489 n.4, 93 S.Ct. 1123.

Conceding, however, that language in *Ahrens* indicated that the prisoner's presence within the judicial district was a jurisdictional prerequisite to habeas corpus, the Court noted a series of post-*Ahrens* developments which in the Court's opinion, undercut the continuing vitality of the *Ahrens* rule. In view of these developments, Justice Brennan concluded that the Court could no longer view *Ahrens* as establishing an inflexible, jurisdictional rule.

"Here, for example, the petitioner is confined in Alabama, but his dispute is with the Commonwealth of Kentucky, not the State of Alabama. Under these circumstances it would serve no useful purpose to apply the *Ahrens* rule and require that the action be brought in Alabama. In fact, a slavish application of the rule would jar with the very purpose underlying the addition of the phrase, 'within their respective jurisdictions.' We cannot assume that Congress intended to require the Commonwealth of Kentucky to defend its action in a distant State and to preclude the resolution of the dispute by a federal judge familiar with the laws and practices of Kentucky."

410 U.S. at 499, 93 S.Ct. at 1132.

We recognize that *Braden* does not present the precise situation with which

---

2. Section 2241(a) provides in pertinent part:
   "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

we are here concerned. Wilkins is not attacking a detainer lodged by another state; he is attacking his original conviction in the Montana court. Arguably, however, disregard of the *Ahrens* rule is even more justifiable in our case.

Plainly South Dakota is acting only as an agent for Montana in caring for appellant pursuant to the contract between the two states implementing the Western Interstate Corrections Compact. According to the agreement, South Dakota must furnish annual reports to Montana detailing the inmate's progress and adjustment. Except where expressly provided otherwise, the laws and administrative rules and regulations of Montana govern. Montana possesses the right to inspect the South Dakota institution. Extraordinary costs are chargeable to Montana. Montana may retake any inmate upon demand and presentation of official written authority. If South Dakota requests Montana to retake its inmate, Montana must comply within thirty days.

The considerations of convenience outlined in *Braden* apply with equal force here. Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records. It is a Montana judgment that is under attack, and Montana's Attorney General, not South Dakota's, must defend it.

In short, there is no reason why *Braden* should not be applied by analogy, and appellant allowed to seek habeas corpus relief in a district court sitting in the state of his conviction and sentencing. Appellant's disinclination to seek relief in the District of Montana does not alter the fact that the court is one in which the action "might have been brought" within the meaning of § 1404(a).

The appeal is dismissed. Treating the appeal as a petition for a writ of mandamus to set aside the order of transfer entered by Judge Nichol, it is denied.