**Earl WEEKS, Appellant,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Appellee.*** 

 80–1682.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1981.

Decided April 20, 1981.

John Ashcroft, Atty. Gen., for appellant.

Steven W. Garrett, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Earl Weeks appeals with the aid of counsel from an April 1, 1980, order of the district court [1] denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellant seeks bail pending direct appeal of his conviction for first degree murder. For the reasons discussed below, we dismiss the appeal as moot.

Appellant was convicted on April 6, 1975, of first degree murder in violation of Mo. Rev.Stat. § 559.010 (1969) [2] in the Circuit Court of Greene County, Missouri. This conviction was affirmed on appeal. *State v. Weeks*, 546 S.W.2d 567 (Mo.Ct.App.1977). Subsequently, however, appellant's motion for post-conviction relief under Mo.R. Crim.P. 27.26 was granted and appellant was given additional time to move for a new trial, with the ultimate result that a new trial was denied by the Circuit Court of Greene County, Missouri. Appellant was sentenced by that court to life imprisonment in the custody of the Missouri Department of Corrections.

Following final sentencing, appellant moved for bail pending appeal of his conviction. His motion for bail was unsuccessful because the trial judge construed Mo.R. Crim.P. 28.11 and Mo.Rev.Stat. § 547.170 (1978) [3] to allow the court no discretion to

---

1. The Honorable William R. Collinson, United States Senior District Judge for the Western District of Missouri.

2. This section was repealed effective September 28, 1975, and a new felony murder statute, Mo.Rev.Stat. § 559.007 (Supp.1975) (now Mo. Rev.Stat. § 565.003 (1978)), was enacted. Weeks was charged and tried before the effective date of the new law.

3. The version of Rule 28.11 in effect at the time of appellant's motion provides in pertinent part:

A convicted defendant shall be entitled to be admitted to bail, pending an appeal, in all cases except those in which the defendant has been sentenced to suffer death or imprisonment in the penitentiary for life. The amount of bail shall be determined by the trial court in its discretion.

Mo.Rev.Stat. § 547.170 (1978) provides:

In all cases where an appeal or writ of error is prosecuted from a judgment in a criminal cause, except where the defendant is under sentence of death or imprisonment in the penitentiary for life, any court or officer authorized to order a stay of proceedings under the preceding provisions may allow a writ of habeas corpus, to bring up the defendant, and may thereupon let him to bail upon a recognizance, with sufficient sureties, to be approved by such court or judge.

set bail for a defendant sentenced to life imprisonment. The Missouri Court of Appeals summarily affirmed the denial of bail without explanation in an unpublished order of October 11, 1978.

Appellant responded by filing a petition for writ of habeas corpus in the Missouri Supreme Court, requesting both admission to bail in the amount of $50,000 and "a definitive ruling" regarding pertinent provisions of Missouri law governing bail. This petition was summarily denied on May 17, 1979.

Appellant then brought his action for bail to the federal courts by petition for writ of habeas corpus in the Western District of Missouri, with the result that the district court on April 1, 1980, denied his petition on the ground that his claim did not involve a right guaranteed by federal law. This appeal followed.

Appellant acknowledges that Missouri law facially precludes bail for a defendant under sentence of life imprisonment.[4] He contends nevertheless that the state trial court possessed discretionary powers to grant bail, and that the Missouri appellate courts have violated his due process rights by refusing to rule on any discretionary powers implied in state law provisions.

Before reaching the merits of these contentions, we are confronted by problems of jurisdiction and venue which have not been addressed by the parties. As a threshold matter, this court must satisfy itself as to its jurisdiction to entertain the appeal. *Wilkins v. Erickson*, 484 F.2d 969, 971 (8th Cir. 1973).

Appellant's petition for habeas corpus relief was filed in the Western District of Missouri while he was imprisoned in the Missouri State Penitentiary at Jefferson City, Missouri. The sentencing court was located in Springfield, Missouri. Because both locations are within the jurisdiction of the Western District of Missouri, the petition was properly filed in this district. 28 U.S.C. § 2241(d). The jurisdiction complication in the present case results from the fact that appellant was at some point transferred to an Iowa prison,[5] giving rise to the question whether this transfer deprived the District Court for the Western District of Missouri of jurisdiction over his petition.

■ This case falls within the rule that a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–1130, 35 L.Ed.2d 443 (1973); *McCoy v. United States Board of Parole*, 537 F.2d 962, 965 (8th Cir. 1976) (and cites therein). Once the custodian is properly served, subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district. *McCoy v. United States Board of Parole, supra*, 537 F.2d at 966; *Harris v. Ciccone*, 417 F.2d 479, 480 n.1 (8th Cir. 1969), *cert. denied*, 397 U.S. 1078, 90 S.Ct. 1528, 25 L.Ed.2d 813 (1970); *Holland v. Ciccone*, 386 F.2d 825, 827 (8th Cir. 1967) (per curiam), *cert. denied*, 390 U.S. 1045, 88 S.Ct. 1646, 20 L.Ed.2d 307 (1968); *see also Ex parte Endo*, 323 U.S. 283, 304–07, 65 S.Ct. 208, 219–221, 89 L.Ed. 243 (1944). Here, there is no question that appellant properly served Donald Wyrick, Warden of the Missouri Department of Corrections, at a time when appel-

---

4. Appellant refers the court to Article I, § 20 of the Constitution of Missouri, to Mo.Ann.Stat. § 547.170 (Vernon 1953), and to Mo.R.Crim.P. 28.11 (Vernon 1953). For the text of pertinent provisions, *see* note 3 *supra*.

Article I, § 20 of the Missouri Constitution is not relevant here, insofar as the Missouri Supreme Court en banc has determined that Article I, § 20 relates only to bail prior to conviction. *Ex parte Carey*, 306 Mo. 287, 267 S.W. 806 (1924) (banc).

5. The record does not clearly indicate when the transfer occurred, although it is apparent that the transfer took place after Weeks filed his petition for writ of habeas corpus in the District Court for the Western District of Missouri.

Weeks' appeal brief indicates that he is "still in the custody of the Missouri Department of Corrections," although physical custody has been transferred to Iowa. Weeks' counsel has informed the court that petition for writ of habeas corpus is now pending in the Southern District of Iowa.

lant was detained at the Missouri State Penitentiary.

■ Once the custodian of a petitioner is properly served, however, it is still proper to consider the most convenient forum for the litigation. *McCoy v. United States Board of Parole, supra,* 537 F.2d at 966; *Lee v. United States,* 501 F.2d 494, 503 (8th Cir. 1974) (Webster, J., concurring); *see also Starnes v. McGuire,* 168 U.S.App.D.C. 4, 512 F.2d 918, 932 (1974) (banc). Here, venue was proper in the Western District of Missouri insofar as the sole basis for appellant's habeas corpus petition is the alleged failure of the Missouri courts properly to rule on his motion for bail pending appeal. In view of the fact that the attorney general of Missouri must defend the orders under attack and that relevant records are in Missouri, this state is clearly the most convenient forum for the litigation. *Wilkins v. Erickson, supra,* 484 F.2d 969.

In sum, we are convinced that both jurisdiction and venue were proper in the district court.

■ We further conclude, however, that the appeal must be dismissed as moot. It is clear from the briefs of the parties and from appellant's response to this court's show cause order that there is no longer any pending direct appeal of Weeks' conviction. The Missouri Court of Appeals affirmed appellant's conviction, *State v. Weeks,* 603 S.W.2d 657 (Mo.Ct.App.1980), and appellant's motion for rehearing and application for transfer were denied on July 11, 1980, and September 9, 1980, respectively. Appellant's counsel concedes that no attempt was made to file a timely application for writ of certiorari to the United States Supreme Court. Accordingly, the lack of any ongoing appeal of Weeks' criminal conviction renders moot the question of bail pending direct appeal. *Hernandez v. Wainwright,* 296 F.Supp. 591, 593 (M.D.Fla. 1969); *cf. United States ex rel. Thomas v. New Jersey,* 472 F.2d 735, 741 (3d Cir.), *cert. denied,* 414 U.S. 878, 94 S.Ct. 121, 38 L.Ed.2d 123 (1973) (power of federal court to order state prisoner's enlargement from state custody pending appeal is not a moot question where petition for certiorari is possible).

■ Appellant's argument that this case falls in the category of cases that are "capable of repetition, yet evading review" ignores the second requirement set forth in *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam):

> [I]n the absence of a class action, the "capable of repetition, yet evading review" doctrine [is] limited to the situation where two elements combine: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.

Here, as in *Weinstein,* there is no class action and no demonstrated probability that Weeks will again be seeking bail pending direct appeal of a criminal conviction.

Accordingly, the appeal is dismissed as moot. We vacate the order of the district court dismissing appellant's petition and remand the case to the district court with directions to dismiss. *See Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 93–94, 99 S.Ct. 2149, 2150, 60 L.Ed.2d 735 (1979) (per curiam).