DENNIS, Circuit Judge,
concurring:
I respectfully concur in the majority’s decision to dismiss the petition for mandamus without prejudice. The petitioner has failed to show that this case presents an extraordinary situation calling for the drastic remedy of mandamus. Because of the manner in which the matter was presented in the district court, the petitioner has failed to show that its right to issuance of the writ is “clear and indisputable” by demonstrating that there has been a “usurpation of judicial power” or a “clear abuse of discretion.”[1]
*572 Furthermore, I agree with the majority’s recognition, discussion and delineation of the law enforcement privilege, as well as its approval of in camera inspections applying the Frankenhauser factors and the majority’s admonitions that the privilege is bounded by relevance and time constraints. I write separately, however, to emphasize that our circuit’s case law defines the law enforcement privilege as “a qualified privilege protecting investigative files in an 'ongoing criminal investigation,” Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir.1991), and the petitioner does not argue for or request extension of the privilege to anything else. Accordingly, the suggestion in the majority’s conclusion that the privilege may affect “information that might impede important government functions such as ... securing the borders, or protecting the public from international threats,” is only dicta and cannot be taken as modifying our precedents.

. See Vioxx Prods. Liab. Litig. Steering Comm. v. Merck and Co., 2006 WL 1726675 (5th Cir. *572 May 26, 2006) (Dennis, J., concurring in part and dissenting in part):
The Supreme Court has held that the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. Kerr v. U.S. Dist. Court for Northern Dist. of California, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (citing Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 382-85, 74 S.Ct. 145, 98 L.Ed. 106 (1953); Ex pane Fahey, 332 U.S. 258, 259, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947)). The Court has observed that the writ "has traditionally been used in the federal courts only ‘to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " Will, 389 U.S. at 95 [88 S.Ct. 269] (quoting Roche v. Evaporated Milk Assn., 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943)). And, while the courts have not limited the use of mandamus by an unduly narrow and technical understanding of what constitutes a matter of "jurisdiction,” Will, 389 U.S. at 95 [88 S.Ct. 269], still "only exceptional circumstances amounting to a judicial 'usurpation of power’ will justify the invocation of this extraordinary remedy.” Will, 389 U.S. at 95 [88 S.Ct. 269],
.... Accordingly, the Supreme Court has set forth particular conditions for issuance of mandamus. Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, Roche v. Evaporated Milk Assn., supra, 319 U.S. at 26, 63 S.Ct. at 941, and that he satisfy "the burden of showing that (his) right to issuance of the writ is ‘clear and indisputable.' " Banker's Life & Cas. Co. v. Holland, 346 U.S. at 384, 74 S.Ct. at 148 (quoting United States ex rel. Bemardin v. Dwell), 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899); Will v. United States, supra, 389 U.S. at 96, 88 S.Ct. at 274. Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed. Schlagen-haufv. Holder, 379 U.S. 104, 112 n. 8, 85 S.Ct. 234, 239, 13 L.Ed.2d 152 (1964); Pan v. United States, supra, 351 U.S. at 520, 76 S.Ct. at 917. See also Technitrol, Inc. v. McManus, 405 F.2d 84 (C.A.8 1968), cert. denied, 394 U.S. 997, 89 S.Ct. 1591, 22 L.Ed.2d 775 (1969); Pacific Car & Foundry Co. v. Pence, 403 F.2d 949 (C.A.9 1968); Ken, 426 U.S. at 403 [96 S.Ct. 2119],
Nor is mandamus a substitute for appeal, "even though hardship may result from delay and perhaps unnecessary trial.” Ken, 426 U.S. at 404 [96 S.Ct. 2119] (citing Ex parte Fahey, 332 U.S. at 259-60 [67 S.Ct. 1558]; Bankers Life & Casualty Co., 346 U.S. at 382-83 [74 S.Ct. 145]; United States Alkali Export Ass’n v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554,; Evaporated Milk Ass’n, 319 U.S. at 31 [63 S.Ct. 938]). "The writ is appropriately issued, however, when there is 'usurpation of judicial power' or a clear abuse of discretion.” Bankers Life & Casualty Co., 346 U.S. at 383 [74 S.Ct. 145].