**Donald W. WESTON, Petitioner,**

v.

**The JUDGES OF the UNITED STATES DISTRICT COURT FOR the DISTRICT OF MINNESOTA, Respondents.**

No. 17424.

United States Court of Appeals
Eighth Circuit.

Aug. 23, 1963.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner is an inmate of the Federal Correctional Institution, Sandstone, Minnesota, under commitment on a sentence imposed by the United States District

Court for the Western District of Washington. He sought to file in the United States District Court for the District of Minnesota an application for a writ of habeas corpus, which the Clerk of that Court returned to him with a letter pointing out the provisions of 28 U.S.C.A. § 2255. He has now transmitted the application for a writ to us, with a request that "the court * * * direct said documents to a court of justice in the State of Minnesota for adjudication".

Presumably, the Clerk's action in returning the papers to petitioner was not done officiously but at the direction of the Court. Thus, while no order seems to have been formally entered, the effect of the Court's direction to the Clerk and of the latter's execution thereof was to make the Clerk's letter returning the papers and pointing out the provisions of 28 U.S.C.A. § 2255 constitute a denial by the Court of petitioner's application for a writ.

Petitioner would accordingly have had the right to seek leave to file in forma pauperis a notice of appeal and leave to proceed on such basis with the appeal, in an attempt to have the propriety of the denial of his application for a writ reviewed. He has chosen instead to request us to direct the District Court to make formal filing and disposition of his application. The request is capable of being treated as one for a writ of mandamus or as one to have a judge of this Court exercise the power under 28 U.S.C.A. § 2241(b) of transferring the habeas corpus application "for hearing and determination to the district court having jurisdiction to entertain it."

It is clear on the face of petitioner's papers that, if the grounds on which he seeks to attack his conviction and sentence possess any substance, they must be made the subject of a motion to vacate under 28 U.S.C.A. § 2255, and not of an application for habeas corpus. Hence, there can be no reason, within the purpose of § 2241(b), to make a transfer of the application to the District Court "for hearing and determination". Equally would it accomplish nothing for us to di-

rect the District Court to make filing of the application and entry of a formal order disposing of it.

The better practice would have been for the District Court to have permitted the application for a writ to be docketed in forma pauperis and then to have entered a formal order making denial of it, but petitioner has not been prejudiced in any way by what has been done. Such relief, if any, to which he might be entitled must, as stated above, be sought by him in his sentencing court through a motion under § 2255.

For record purposes, petitioner's papers here will be permitted to be docketed in forma pauperis as an application for a writ of mandamus and the application will be denied.

Application denied.