**FARAH MANUFACTURING COMPA-
NY, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD**

**and**

Amalgamated Clothing Workers of Amer-
ica, El Paso District Joint Board, AFL-
CIO, Intervenor.

**No. 73-1184.**

United States Court of Appeals,
Eighth Circuit.

Aug. 1, 1973.

Peter G. Nash, Gen. Counsel, John S.
Irving, Deputy Gen. Counsel, Patrick
Hardin, Associate Gen. Counsel, and
Elliott Moore, Acting Asst. Gen. Counsel,
NLRB, Washington, D. C., for Labor Bd.

Nelson, Harding, Marchetti, Leonard
& Tate, Lincoln, Neb., and Kenneth R.
Carr, El Paso, Tex., for Farah Manu-
facturing Co.

Arthur M. Goldberg and Joel Ronald
Ax, New York City, for intervenor.

Before VOGEL and BRIGHT, Circuit
Judges.

PER CURIAM.

Petitioner, Farah Manufacturing Company, Inc. (Farah), seeks review of the order of the National Labor Relations Board, entered on March 23, 1973, in Case Nos. 28–CA–2036, 2054, 2089, 2097, 2109, 2126, 2137, 2152, and 2210 (202 NLRB No. 99). In this proceeding we consider intervenor's (Amalgamated Clothing Workers of America) motions for dismissal or change of venue.

The petition for review was filed March 26, 1973. On April 9, 1973, in response to an application, we permitted Amalgamated Clothing Workers of America, the charging party, to intervene. The Board, on May 4, 1973, filed a cross-application for enforcement of its order. The intervenor thereafter moved to dismiss Farah's petition for want of jurisdiction since the petition for review failed to aver and establish that Farah resided or transacted business within the jurisdiction of the Eighth Circuit (see 29 U.S.C. § 160(f)). In the alternative, intervenor moved that we transfer these proceedings to the Fifth Circuit pursuant to our discretionary power or under the authority of 28 U.S.C. § 2112(a). In addition, the National Labor Relations Board asked leave to withdraw its cross-application for enforcement since neither the petition for review nor the certified record indicated that Farah resides or transacts business within the geographic boundaries of this circuit.

Farah has resisted each of the motions on several grounds, and in response, has filed an affidavit of one of its officers showing that it has been doing some business within this judicial circuit. The affidavit and its attachments show that Farah has maintained a small office (270 square feet) in a commercial building in Fargo, North Dakota, since about August 1, 1972. This office serves as headquarters for its sales agent who solicits customer orders in North Dakota and Minnesota. The affidavit and attachments also show that Farah's principal place of business is in El Paso, Texas, and that its gross annual receipts (apparently for 1972) from business operations transacted in whole or in part in North Dakota amounted to $1,176,082. Farah's total gross receipts, for the same period of time nationwide, were $156,764,474.

We note from the underlying record that Farah operates three manufacturing plants in El Paso and other plants in Texas and New Mexico; that its employees commenced union organizational activities in September of 1969; and that these organizational activities led to unfair labor practice charges and findings against Farah in a prior case. Farah Manufacuring Co., 187 N.L.R.B. 601 (1970), enforced, 450 F.2d 942 (5th Cir. 1971).

The intervenor cites El Paso Joint Board, Amalgamated Clothing Workers v. Farah Manufacturing Co., Inc., 465 F.2d 1402 (5th Cir. 1972), as an allied case growing out of the efforts of the union to organize Farah's production employees for collective bargaining. We are also cited to other cases pending in the Fifth Circuit growing out of the same organizing campaign.

■ We have carefully examined the briefs submitted by all parties. We agree with the position of Farah, concurred in by the Board, that the evidence submitted by Farah showing that it transacts business within this judicial circuit provides a sufficient basis for this court to exercise its jurisdiction upon the petition for review and cross-application for enforcement of the Board's order. Section 10(f) of the National Labor Relations Act (29 U.S.C. § 160(f)) provides that an aggrieved person may obtain review of the Board's order:

> * * * in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides *or transacts business,* or in the United States Court of Appeals for the District of Columbia * * *. [Emphasis added.]

While the scope of the phrase "transacts business" has received little judicial attention in reported labor decisions, the Board has taken a liberal view concerning the activity necessary to transact business. Thus, in Olin Industries, Inc. v. N. L. R. B., 191 F.2d 613, 614, n. 1 (5th Cir. 1951), the Board conceded that the petitioner had standing to seek review of a Board order in the Fifth Circuit because it maintained a warehouse in Texas, a state within that judicial circuit albeit the unfair labor practices occurred at the petitioner's Connecticut plant, within the jurisdiction of the Second Circuit. *See also* Winn-Dixie Stores, Inc. v. N. L. R. B., 448 F.2d 8, 10 (4th Cir. 1971) and Filler Products, Inc. v. N. L. R. B., 376 F.2d 369, 372 (4th Cir. 1967). *Cf.* New Alaska Development Corp. v. N. L. R. B., 441 F.2d 491, 492 n. 3 (7th Cir. 1971).

A determination that Farah might properly seek review in this circuit does not end the matter, for we possess the inherent power based on sound principles of judicial administration to transfer this case to another circuit court. *See* Panhandle Eastern Pipe Line Co. v. Federal Power Comm'n, 343 F.2d 905 (8th Cir. 1965); Pacific Gas and Electric Company v. Federal Power Comm'n, 106 U.S.App.D.C. 281, 272 F.2d 510 (D.C. Cir. 1958). In addition, statutory authority for making such a transfer is provided by 28 U.S.C. § 2112(a) which, after specifying the appropriate court for review of agency orders when review is sought in more than one court, provides that "such [appropriate] court may thereafter transfer all the proceedings with respect to such [administrative] order to any other court of appeals."

We believe this case properly belongs in the Fifth Circuit. That court has already passed on some controversies between and among the contending parties and is familiar with the background of this case. The disposition of this case may serve as precedent for the disposition of other controversies which remain in or may arise later in the Fifth Circuit. Farah's basis in asking this court to act rests on some business operations conducted within the geographical boundaries of this circuit but these are completely unrelated to the controversies arising between labor and management at manufacturing plants located in El Paso, Texas. Farah's filing of the petition for review in this court, although not improper, represents "forum shopping," a practice to be discouraged.

Accordingly, we order that the venue of this action be changed to the Fifth Circuit. The motion for such change by the intervenor is granted. The Board's motion for leave to withdraw its cross-application for enforcement and to dismiss the petition for review for lack of jurisdiction is denied.

It is so ordered.