Raymond L. REESE, Appellant,

v.

UNITED STATES BOARD OF
PAROLE et al.

No. 74–1465.

United States Court of Appeals,
District of Columbia Circuit.

May 10, 1974.

Before BASTIAN, Senior Circuit Judge, and MacKINNON, Circuit Judge.

PER CURIAM:

This matter involves the proper jurisdiction for a habeas corpus proceeding. We remand the case to the District Court with instructions to transfer same to the District of Arizona where the petitioner is incarcerated.

Raymond Reese was convicted in the United States District Court for the District of Utah in 1964 and sentenced to serve two 5-year consecutive terms. In September 1972 he was released on parole, pursuant to 18 U.S.C. § 4164[1] with 966 days remaining on his sentence. In April 1973, he was convicted of first degree burglary by an Arizona court and sentenced to a ten to twelve year term in the Arizona State Prison, which sentence he is now serving.

The United States Board of Parole promptly issued a parole violator warrant commitment for Reese,[2] and for-

---

1. 18 U.S.C. § 4164 provides:
   § 4164. Released prisoner as parolee
   A prisoner having served his term or terms less good time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.
   This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody.

   June 25, 1948, c. 645, 62 Stat. 853; June 29, 1951, c. 176, 65 Stat. 98.

2. 18 U.S.C. § 4205 provides:
   § 4205. Retaking parole violator under warrant; time to serve undiminished
   A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he

warded it to the United States Marshal in Arizona. On May 4, 1973 the Marshal filed a detainer [3] with the Arizona State Prison at Florence, Arizona, where Reese is serving his 10–12 year sentence. *Cf.* Combs v. Carroll, 446 F.2d 893 (5th Cir. 1971). On May 19, 1973 Reese in-

quired of the probation officer in Phoenix, Arizona, as to the date of his "revocation hearing" [4] and was informed by the U. S. Board of Parole by letter of June 1, 1973 "that the Board plans to review the status of your outstanding warrant in April, 1974." [5] Whether this

was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve.

June 25, 1948, c. 645, 62 Stat. 854.

18 U.S.C. § 4207 provides:

§ 4207. Revocation upon retaking parolee

A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.

If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced.

June 25, 1948, c. 645, 62 Stat. 855.

3.            DETAINER
United States Marshal
8202 Federal Building
Phoenix, Arizona 85025

Date: May 4, 1973      TO: ARIZONA STATE PRISON

Re: REESE, RAYMOND L.      FLORENCE, ARIZONA      USM—6836–P,

We have a warrant/commitment for the above-named defendant who is reported to be in your custody.

Please place a detainer against this person for us, and advise this office of the release date in order that a deputy United States Marshal may be present to take him in custody on our writ.

If this subject is transferred from your custody before release to us is possible, please let us know the place of confinement and send this detainer on with your papers in the case.

Please acknowledge receipt of this detainer on the carbon copy attached and return same to me in the enclosed self-addressed envelope.

Thank you very much for your cooperation.

Very truly yours,
/s/ R. R. Jones
J. PAT MADRID
United States Marshal

4.            May 18, 1973
Mr. Robert Thomas
United States Probation Officer
Federal Building
Phoenix, Arizona 85025
Dear Mr. Thomas:

Now that a detainer—based upon a warrant that I assume was issued by the U. S. Board of Paroles—has been lodged against me for an alleged infraction of my Mandatory Release pursuant to 18 U.S.C. Section 4161, I would like to know when your department intends to grant me a revocation hearing on the subject.

Sincerely,
Raymond L. Reese
Box B. 31955
Florence, Arizona
85232

5.    United States Department of Justice
United States Board of Parole
Washington, D. C. 20537
June 1, 1973
EXHIBIT 2 a
[Filed July 17, 1973, James F. Davey, Clerk]

Mr. Raymond L. Reese
Reg. No. 31473–136
State Prison
Box B 31955
Florence, Arizona 85232
Dear Mr. Reese:

Reference is made to your letter of May 18, 1973, to U. S. Probation Officer Thomas. In response to your inquiry, be advised that the Board plans to review the status of your outstanding warrant in April, 1974. By copy, institutional authorities are requested to submit a current progress report, noting Subject's adjustment and state parole status, in March, 1974, in order to facilitate said review.

We hope this information clarifies your Federal status.

Sincerely yours,
STEVE D. JOHNSTON
Parole Executive
By: /s/ Stanley B. Kruger
STANLEY B. KRUGER
Case Analyst

SBK :gwf
cc: Warden
State Prison
Florence, Arizona 85232
USPO R. L. Thomas
Room 6443, U. S. Court House
Phoenix, Arizona 85025

contemplated a "revocation hearing" does not appear. Reese thereupon on June 20, 1973 filed a habeas corpus petition under 28 U.S.C. §§ 2241 and 2254 against the United States Board of Parole in the United States District Court for the District of Columbia. His petition alleged, without more, "that he is being denied his constitutional rights." His supporting memorandum, however, contended the Board intended to delay his revocation hearing until June 16, 1978,[6] when he expected that his state sentence would, with good time, terminate. The District Court, without a hearing and without a formal opinion, dismissed the petition and denied petitioner's motion for leave to appeal without prepayment of costs as "frivolous and not taken in good faith."

We next denied petitioner's appeal for leave to proceed in *forma pauperis* in this court on the stated ground that the petition for writ of habeas corpus was "required to be brought in the District of petitioner's incarceration."[7] Appellant then applied to the United States Supreme Court for a writ of certiorari. In response to this petition the Solicitor General filed a Memorandum stating, *inter alia*:

> The decision of the court below, denying for lack of jurisdiction petitioner's motion to appeal in *forma pauperis*, is at odds with the recent decision of this Court in Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, [93 S.Ct. 1123, 35 L.Ed.2d 443] which held that jurisdiction under 28 U.S.C. 2241 lies with the district of confinement and the district where the custodian of the confinement is present.

> Here, since the warrant-detainer was issued by the United States Board of Parole in Washington, D. C. and since, in the case of a detainer, the custodian is the party who issued the detainer, we believe that the court below was not without jurisdiction to consider petitioner's motion to appeal in *forma pauperis*.[1]

1. Under the rule laid down in Young v. Director, U.S. Bureau of Prisons, [125 U.S.App.D.C. 105] 367 F.2d 331 (C.A. D.C.), it would, however, be appropriate for the court below to transfer the petition to the court for the district in which petitioner is incarcerated, since no compelling reason for considering the petition in the District of Columbia is evident. See 28 U.S.C. 1391(e). Petitioner agrees that this would be appropriate. (Pet. 5).

> We therefore respectfully submit that the petition for a writ of certiorari should be granted and the case remanded to the court of appeals.

The Supreme Court granted the petitioner's motion to proceed in *forma pauperis* and the petition for writ of certiorari. Then, acting on the petition and the Government's response thereto, it vacated the judgment of the Court of Appeals and remanded the cause to this court "for further consideration in light of the position presently asserted by the Government."[8]

The position of the Government as asserted in its response, the material portion of which is quoted above, is that jurisdiction under 28 U.S.C. § 2241 lies within the district of confinement (Arizona) and the district where the custodian of the confinement is present. The United States courts in this circuit thus have jurisdiction to consider the merits of appellant's petition and, in an appropriate case, to order the transfer of the petition to the court for the district where the petitioner is incarcerated. Young v. Director, U. S. Bureau of Prisons, 125 U.S.App.D.C. 105, 367 F.2d 331 (1966).[9] Since no compelling reason for

---

6. *Cf.* note 5.

7. Order of September 25, 1973, No. 73–8143, U. S. Court of Appeals for the District of Columbia Circuit.

8. No. 73–5717, March 18, 1974, 415 U.S. 971, 94 S.Ct. 1554, 39 L.Ed.2d 867. Mandate certified April 16, 1974.

9. 28 U.S.C. § 2241 provides:

   \*　　\*　　\*　　\*　　\*

   (b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to

considering the petition in the District of Columbia is evident, the judgment of the District Court is vacated and the cause is remanded to the United States District Court for the District of Columbia with instructions to transfer the petition to the United States District Court for the District of Arizona.[10]

So ordered.

the district court having jurisdiction to entertain it.

\*　　\*　　\*　　\*　　\*

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

June 25, 1948, c. 646, 62 Stat. 964; May 24, 1949, c. 139, § 112, 63 Stat. 105; Sept. 19, 1966, Pub.L. 89–590, 80 Stat. 811.

28 U.S.C. § 1404 provides:

§ 1404. Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

10. Note 9 *supra*. Petitioner has also agreed that the transfer is appropriate. *See* text, page 700, footnote 1 in quotation from Response.