Claude **ARNOLD**, Jr., Petitioner,

v.

**UNITED STATES BOARD OF PAROLE**, Respondent.

Civ. A. No. 75–0305.

United States District Court, District of Columbia.

March 26, 1975.

Claude Arnold, Jr., pro se.

David W. Stanley, Asst. U. S. Atty., Washington, D. C., for respondent.

MEMORANDUM AND ORDER

CORCORAN, District Judge.

Before the Court is petitioner's *pro se* application for a writ of *habeas corpus* and the respondent's return and answer to the Order to show cause. *See* 28 U. S.C. §§ 2241(c)(1), 2242, 2243 (1970). The application is granted.

I

Claude Arnold pled guilty in this Court in 1968 to robbery and assault with a dangerous weapon. He was sentenced to a term of three to nine years on each count, to run concurrently. In May 1974 he was released on parole pursuant to 18 U.S.C. § 4164.

In August 1974 Arnold was convicted in this Court on one count of unlawful possession of a controlled substance with intent to distribute. He was sentenced on this possession charge on November 22, 1974, to a term of two to six months, the sentence to run concurrently with any other sentence then being served.

Following his narcotic conviction, the respondent Board of Parole on November 7, 1974, issued and lodged a parole violator warrant commitment for Arnold at the District of Columbia Jail. Petitioner was transferred thereafter to the Federal correctional institution at Danbury, Connecticut on December 30, 1974, and the warrant-detainer followed and was lodged against him there. On February 20, 1975, a hearing was held to determine petitioner's eligibility for parole on the narcotics conviction and it was decided to have petitioner serve his full time. At the same hearing, the respondent decided that the warrant-detainer would be executed March 14, 1975, (when petitioner's intervening sentence would expire) and a parole revocation hearing was scheduled for April 1975. See 18 U.S.C. §§ 4205, 4207.

Petitioner's intervening sentence for the controlled substances conviction actually expired on March 17, 1975, and the parole violator warrant was executed at that date. The petitioner is now being held at the Connecticut Correctional Center in Bridgeport, awaiting his parole revocation hearing which, as noted earlier, is scheduled for some time in April 1975.

II

In its return and answer, the respondent sets forth several challenges to petitioner's application for the writ.

A. Respondent asserts that the "in custody" requirement of § 2241(c) is not met by the issuance of

the warrant-detainer. That assertion ignores the relevant case law on the subject. *See, e. g.,* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Reese v. United States Board of Parole, 162 U.S. App.D.C. 156, 498 F.2d 698 (1974); Fitzgerald v. Sigler, 372 F.Supp. 889 (D.D.C.1974), *appeal pending sub nom.* Byrd v. Sigler, D.C.Cir. No. 74–1517; Sutherland v. District of Columbia Board of Parole, 366 F.Supp. 270 (D.D. C.1973). As a matter of fact such an assertion by the respondent ignores the position of the Solicitor General in a Memorandum to the Supreme Court on this very subject, in which he stated unequivocally, ". . . *in the case of a detainer, the custodian is the party who issued the detainer* . . ." Quoted in Reese v. United States Board of Parole, *supra,* 498 F.2d at 700 (emphasis added). Thus it is clear beyond a doubt that the "in custody" requirement, essential for Federal *habeas corpus* relief, is present in this case. Since respondent is the party who issued the warrant-detainer, this Court has the requisite *habeas* jurisdiction over the respondent-custodian.[1]

B. In Fitzgerald v. Sigler, *supra,* 372 F.Supp. at 898, this Court, relying upon Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L.Ed.2d 656 (1973), held that "a parolee must be accorded a final hearing within a reasonable time after he has been taken into custody to determine whether he has, in fact, violated his parole conditions and whether his parole should be revoked." The Court continues to adhere to the view that *Fitzgerald* was correctly decided by it. The respondent, however, urges this Court to ignore both *Morrissey* and *Fitzgerald.* We decline.

■■ In the instant case the warrant-detainer was issued and lodged against Arnold by the Board of Parole on November 7, 1974. His parole revocation hearing is scheduled for April 1975, some five months after the detainer was lodged. In *Morrissey,* the Supreme Court found a *two-month* delay between the lodging of the detainer and the hearing not unreasonable. 408 U.S. at 488, 92 S.Ct. 2593. In the light thereof, the Court . holds that a five month delay in this case is unreasonable. Although petitioner is not entitled to relitigate the facts leading to his second conviction, *Morrissey,* 408 U.S. at 490, 92 S.Ct. 2593, he is entitled to a prompt parole revocation hearing within a reasonable time following his return to custody, which, in this case, is the date the warrant-detainer was issued by the Board of Parole.

■ C. The respondent further asserts, citing Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974), that the *Morrissey* hearing was not required to be held until the warrant-detainer was executed, and that the Board, in its discretion, *see* Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938), could defer execution until the completion of an intervening sentence. That argument is at odds with the prevailing rule *in this Circuit* that it is "the issuance of a violator warrant," and not its later execution, that "triggers a process, which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch." Shelton v. United States Board of Parole, 128 U.S. App.D.C. 311, 318, 388 F.2d 567, 574 (1967).

1. Respondent's contention that petitioner's *habeas* claims are now moot, since the warrant-detainer was executed on March 17, is also not well taken. Petitioner is now incarcerated *solely* on the strength of the Board of Parole's executed parole violator warrant. The intervening sentence has expired; by respondent's own admission Arnold's parole from his original sentence has *not* been revoked. Therefore, it is clear that without the warrant-detainer issuing from the Board, Arnold would be a free man today. The fact that the warrant-detainer is now executed, then, only serves to underscore the unalterable fact that the Board is petitioner's custodian for *habeas* purposes.

### III

Accordingly, it is this 26 day of March, 1975,

Ordered, adjudged and decreed that petitioner's application for a writ of *habeas corpus* be, and the same is hereby granted; and it is further

Ordered, adjudged and decreed that the executed parole violator warrant issued by respondent against petitioner be, and the same is hereby, quashed; and it is further

Ordered, adjudged and decreed that the United States Marshal for the District of Columbia shall notify forthwith the warden or other appropriate official at the Connecticut Correctional Center in Bridgeport, Connecticut, that the executed parole violator warrant on petitioner Arnold has been quashed by Order of this Court on this date, and that said warden or other official shall immediately take all appropriate action not inconsistent herewith.