Ronnie CREECH, Appellant,

v.

UNITED STATES BOARD OF PAROLE et al.,

and

United States Attorney General, Appellees.

No. 75–1927.

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1976.

Decided June 30, 1976.

In June, 1972, Creech was convicted in the United States District Court for the Western District of Kentucky of the theft, possession and forgery of a United States Treasury check. He was sentenced to three years imprisonment. On November 1, 1973, he was paroled and moved to Ohio. On March 1, 1974, he was convicted of vandalism in an Ohio state court and sentenced to a prison term of one to five years. On April 2, 1974, the Board of Parole issued a parole violator's warrant against Creech and filed a detainer against him in the Ohio prison where he was incarcerated.

On February 7, 1975, Creech was released from Ohio custody and taken into custody on the parole violator's warrant by the United States. At a "preliminary interview," he admitted the fact of violation and requested a revocation hearing at a federal institution. He was transferred to the Texarkana, Texas, Federal Correctional Institution. There, on May 23, 1975, a parole revocation hearing was held. On May 29, his parole was revoked.

Creech was subsequently transferred to the Federal Correctional Institution at Sandstone, Minnesota.[1] He filed this habeas corpus petition in the District of Minnesota, claiming that the failure of federal officials to execute the warrant and conduct an evidentiary hearing until after his release by state authorities denied him due process under *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Cleveland v. Ciccone*, 517 F.2d 1082 (8th Cir. 1975). The District Court dismissed the habeas petition, finding that the appellant "has failed to show that the ten (10) month delay in any manner severely prejudiced him." This appeal followed.

Ten months passed between the issuance of the parole violator's warrant and its service upon the appellant's release by Ohio authorities. An additional three months elapsed before the parole violation hearing

Bernard P. Becker, St. Paul, Minn., for appellant.

Robert G. Renner, U. S. Atty. and Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

Ronnie Creech, a federal prisoner, appeals from the denial of his § 2241 habeas corpus petition. Creech claims that the United States Board of Parole denied him due process in revoking his parole.

---

1. Although the events leading to the revocation of parole occurred while the appellant was imprisoned in Ohio, in the Sixth Circuit, and Texas, in the Fifth Circuit, the parties agree that

because of the appellant's present imprisonment at Sandstone, his claim is governed by Eighth Circuit law.

was conducted. The appellant contends that the total thirteen-month delay or, alternatively, the three-month delay alone, was so unreasonable as to deny due process.

## I. *Thirteen-Month Delay.*

■ This Court held, in *Cleveland v. Ciccone, supra,* decided June 10, 1975, that a parolee's right to a prompt revocation hearing is not suspended by the fact that he is serving an intervening sentence. If a parole violator's warrant is issued and lodged against a prisoner as a detainer, a revocation hearing must be accorded within a reasonable time. If the instant case were judged by this *Cleveland* standard, Creech would clearly be entitled to habeas relief; the thirteen-month delay could hardly be characterized as reasonable.

Creech's position is seriously impaired, however, because the entire delay occurred prior to the *Cleveland* decision. *Cleveland* represented a significant extension of previous case law. *See* 517 F.2d at 1089. For that reason, we held that it was not to be applied retroactively absent a clear showing of prejudice. We said:

> Absent a showing of demonstrable prejudice severe enough to render the revocation hearing itself inadequate in terms of relief, we cannot say that the warrants should have been quashed or other habeas relief granted to preclude revocation of the paroles involved in this case. * * * Delays in future cases must, however, be measured in consonance with notice of our holding today.

517 F.2d at 1089.

■■ Therefore, the appellant, like the appellants in *Cleveland*, could obtain outright release only by showing "demonstrable prejudice severe enough to render the revocation hearing itself inadequate in terms of relief." He has shown no such prejudice.

Creech has not shown that the delay in holding a hearing in any way affected the fact-finding and decision-making process

leading to revocation of his parole. He does not contend that evidence of the violation was lost because of the thirteen-month delay, or that the delay somehow hindered the Parole Board in making the policy decision to revoke parole.[2]

He does assert that the failure to accord him an early hearing on the parole violation charge affected the length and conditions of his Ohio confinement and precluded the possibility of concurrent running of his federal and state sentences. However, these very effects were present in *Cleveland.* They plainly are not of the type which would warrant outright release.

Creech has not shown prejudice which would "render the revocation hearing itself inadequate," and so, under *Cleveland,* is not entitled to outright release by reason of the thirteen-month delay.

## II. *Three-Month Delay.*

Alternatively, Creech contends that the three-month delay from the time when he was taken into federal custody (and so was entitled to a prompt hearing, even under pre-*Cleveland* law) until the revocation hearing was finally held was in itself so unreasonable as to deny due process.

The Supreme Court said in *Morrissey v. Brewer, supra:*

> The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months, as respondents suggest occurs in some cases, would not appear to be unreasonable.

408 U.S. at 488, 92 S.Ct. at 2603.

The appellant contends that the three-month delay here, in contrast to the two-month delay approved in *Morrissey*, was not a "reasonable time."

We have never considered the extent to which a period exceeding the *Morrissey* two-month span might constitute a "reasonable time." Some courts have suggested

---

**2.** The appellant does assert, in conclusory fashion, that his ability to present evidence of mitigating circumstances at the hearing was impaired by the delay. However, he gives no specific example of evidence which might have been presented but was lost.

that the proper boundary line between "reasonable" and "unreasonable" delay in fact lies at the three-month mark. *See United States ex rel. Hahn v. Revis*, 520 F.2d 632, 638 n. 5 (7th Cir. 1975); *Marchand v. Director, U. S. Probation Office*, 421 F.2d 331, 335 n. 5 (1st Cir. 1970); *but see United States ex rel. Carson v. Taylor*, 403 F.Supp. 747 (S.D.N.Y.1975) (even a three-month delay, coupled with other circumstances, can be unreasonable.) And longer delays have generally been found to be unreasonable. *United States ex rel. Burgess v. Lindsey*, 395 F.Supp. 404, 411 (E.D.Pa.1975) (nine months); *Gay v. U. S. Board of Parole*, 394 F.Supp. 1374, 1378 (E.D.Va.1975) (thirteen months); *Arnold v. U. S. Board of Parole*, 390 F.Supp. 1177 (D.D.C.1975) (five months); *Wells v. Wise*, 390 F.Supp. 229 (C.D.Cal.1975) (two years); *Fitzgerald v. Sigler*, 372 F.Supp. 889, 898 (D.D.C.1974) (one and one-half years); *Sutherland v. D. C. Board of Parole*, 366 F.Supp. 270 (D.D.C. 1973) (five months).

The determination of reasonableness must, to some degree, turn on the circumstance of each case. *See Gay v. U. S. Board of Parole, supra*, 394 F.Supp. at 1378. Here, the function to be performed by the revocation hearing was limited; Creech had been convicted of the offense which constituted the parole violation and had in fact admitted committing it. The role of the Parole Board was thus reduced to deciding whether the offense warranted revocation. As indicated, the delay did not hamper the Board's performance of this function. Moreover, the delay apparently resulted not from any bad faith on the part of the Board, but from the quirks of the schedule followed by the Board's members in visiting federal correctional institutions.

In the light of these circumstances, we conclude that the three-month delay in this case was not unreasonable. We do not mean to suggest, of course, that every three-month delay or every delay which results from administrative difficulties is reasonable. The Parole Board is duty bound to ensure, so far as possible, that its administrative schedule conforms to the demands of due process. Different circumstances might well require a different result.

We conclude, then, that neither the total thirteen-month delay, measured from the lodging of the detainer, nor the three-month delay, measured from execution of the warrant, denied due process. The denial of the habeas corpus petition is affirmed.