**Mychael W. McCOY, Appellant,**

v.

**UNITED STATES BOARD OF PAROLE, Appellee.**

No. 75–1804.

United States Court of Appeals, Eighth Circuit.

Submitted June 2, 1976.

Decided June 14, 1976.

As Modified July 15, 1976.

Mychael W. McCoy, pro se.

Daniel E. Wherry, U.S. Atty., and Richard J. Nolan, Asst. U.S. Atty., Lincoln, Neb., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

This case presents another instance in which the efforts of a prisoner to assert a due process challenge by habeas corpus to his parole revocation have been frustrated by a series of physical and procedural transfers which resulted in dismissal of the petition for want of jurisdiction. We reverse.

On March 30, 1975, while on parole to the Eastern District of Wisconsin, appellant Mychael McCoy was arrested in Lincoln, Nebraska, on state criminal charges. On April 9, 1975, while McCoy was confined in the Lancaster County, Nebraska, jail on those charges, the United States Board of Parole issued a parole violation warrant charging that McCoy had left the Eastern District of Wisconsin without the permission of a parole officer. *See* 18 U.S.C. § 4205; 28 C.F.R. § 2.49 (1975). McCoy was provided with a copy of the warrant application, but the warrant itself was not served at that time. On June 9, 1975, McCoy posted bond to secure his release on

the state charges. He was immediately served with the parole violation warrant as a detainer, however, and was thus compelled to remain in the Lancaster County jail.

■ On August 4, 1975, McCoy pled guilty to two misdemeanors on the Nebraska charges pursuant to a plea bargain agreement and was sentenced to the time he had served. On August 12, 1975, while still in Nebraska custody under the parole violation warrant, McCoy filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Missouri. The sole respondent named was the United States Board of Parole. McCoy sought his release on the ground that he had not been afforded a prompt parole revocation hearing and was thus denied due process.[1] His asserted reason for filing the petition in the Western District of Missouri rather than the District of Nebraska was that the nearest Board of Parole regional office (North Central Region) was located in Kansas City, Missouri. Service of process was made on the Regional Director of the Board of Parole in the Western District of Missouri.

On August 25, 1975, the District Court for the Western District of Missouri[2] transferred McCoy's action to the District of Nebraska apparently pursuant to 28 U.S.C. § 1404(a). The court stated that absent extraordinary circumstances, not present in this case, the preferred forum for habeas corpus actions attacking Board of Parole procedures is the district of confinement.

On September 15, 1975, following the transfer, the propriety of which McCoy did not then and does not now challenge, the District Court for the District of Nebraska dismissed the petition for lack of personal jurisdiction over the Board of Parole. McCoy filed a timely notice of appeal and the District Court granted a certificate of probable cause.

Shortly after the dismissal of his petition, McCoy was transferred as an alleged parole violator to the El Reno, Oklahoma, Federal Reformatory in the Western District of Oklahoma, where he is presently incarcerated. On November 12, 1975, the United States Board of Parole, through its South Central Region office in Dallas, Texas, issued a supplement to the warrant of April 9, 1975, reflecting McCoy's Nebraska misdemeanor convictions.

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by * * * the district courts * * * within their respective jurisdictions." 28 U.S.C. § 2243 further provides that the "writ, or order to show cause shall be directed to the person having custody of the person detained." As the Supreme Court recognized in *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443, 452–53 (1973):

> Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

■ Jurisdiction under 28 U.S.C. § 2241 thus lies not only in the district of actual physical confinement but also in the district where a custodian responsible for the confinement is present. The custodian is, in most circumstances, the warden or chief administrative official of the correctional institution in which the petitioner is incarcerated. It is the action of the United States Board of Parole and not that of the warden of the Lancaster County jail, how-

---

1. A claim of this nature is cognizable in habeas corpus. *See Cleveland v. Ciccone,* 517 F.2d 1082, 1086–89 (8th Cir. 1975). McCoy alleges that he was not accorded even a preliminary hearing until August 27, 1975, and that his proceeding failed to comport with the require-

ments set forth in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

2. The Honorable John W. Oliver, United States District Court for the Western District of Missouri.

ever, which McCoy challenges in the instant petition. Since McCoy was incarcerated in the Lancaster County jail through the mechanism of a federal parole violation warrant and detainer issued by the Board of Parole, one of his custodians for purposes of habeas corpus jurisdiction is the Board of Parole. *See Jones v. Johnston,* 534 F.2d 353, 357 (D.C.Cir., 1976); *Lee v. United States,* 501 F.2d 494, 501 (8th Cir. 1974). *Cf. Braden v. 30th Judicial Circuit Court, supra,* 410 U.S. at 498–99, 93 S.Ct. at 1131–32, 35 L.Ed.2d at 454–55.

■ Since the "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody", *Braden v. 30th Judicial Circuit Court, supra,* 410 U.S. at 494–95, 93 S.Ct. at 1129, 35 L.Ed.2d at 452, it is thus "reasonable to hold that a court has *jurisdiction* whenever it can serve process on the custodian, even when *venue* considerations indicate that the case should be transferred elsewhere." *McCall v. Swain,* 166 U.S.App.D.C. 214, 510 F.2d 167, 176 n. 21 (1975) (emphasis original). *See Starnes v. McGuire,* 168 U.S.App.D.C. 4, 512 F.2d 918, 931–32 (1974); *Reese v. Board of Parole,* 162 U.S.App.D.C. 156, 498 F.2d 698, 700–01 (1974).

■ In *Lee v. United States, supra,* 501 F.2d at 501, we held that the District Court was without jurisdiction to entertain a habeas corpus petition since neither the petitioner's "immediate custodian" nor the Board of Parole ("another custodian") was found within the District where the suit was filed. In this case, McCoy obtained

service upon the Board of Parole in the Western District of Missouri by serving its Regional Director in Kansas City, Missouri. The Regional Director is a member of the Board of Parole designated to direct one of the Board's five regional offices. 28 C.F.R. §§ 0.128, 0.129–1 (1975). The responsibilities of the Director include the authority to issue warrants and detainers for the violation of parole conditions, to execute or withdraw such warrants, and to order revocation hearings where probable cause is found. 28 C.F.R. §§ 2.49, 2.52–.54 (1975). We think the location of an important office of the Board of Parole within the District was a sufficient "presence" within the District that service upon the Regional Director provided personal jurisdiction over respondent as petitioner's custodian. *Cf. Strait v. Laird,* 406 U.S. 341, 344–46, 92 S.Ct. 1693 at 1695–96, 32 L.Ed.2d 141 at 144–45 (1972). We deal here entirely within the federal system in which the Board of Parole is national in scope. A due process challenge to Board of Parole procedures should not depend upon suit being filed in Washington, D.C., so long as the officer of the Board of Parole upon whom service is obtained is, as here, sufficiently responsible to assure notice of the suit and opportunity to respond.[3] Any issue as to convenience of the forum can be resolved as a venue question, and the District Court has full power under 28 U.S.C. § 1404(a) to transfer the case to a more appropriate district, providing the suit could have been brought there in the first instance. *See Lee v. United States, supra,* 501 F.2d at 502–03 (Webster, J., concurring).[4] *See generally, Develop-*

---

3. We note that the Parole Commission and Reorganization Act, Pub.L.No. 94–233, 90 Stat. 219, was signed into law March 15, 1976, and became effective May 14, 1976. This legislation created a United States Parole Commission to supplant the Board of Parole, but retains a regional office structure under which Regional Commissioners, who are members of the Parole Commission, maintain essentially the same authority as Regional Directors of the Board of Parole. *See* 41 Fed.Reg. 19326–40 (May 12, 1976).

4. Some courts have indicated that there may be no jurisdiction over the United States Board of Parole in federal districts other than the Dis-

trict of Columbia. *See, e. g., Ott v. Ciccone,* 326 F.Supp. 609, 612–13 (W.D.Mo.1970); *Langston v. Ciccone,* 313 F.Supp. 56, 59–60 (W.D. Mo.1970). *See also Howell v. Hiatt,* 199 F.2d 584, 585 (5th Cir. 1952). The District of Columbia Circuit has rejected this viewpoint, however, by directing the transfer of petitions for habeas corpus against the Board of Parole to other districts pursuant to 28 U.S.C. § 1404(a), which requires that the transferee district be one in which jurisdiction could originally have attached. *See Starnes v. McGuire,* 168 U.S.App.D.C. 4, 512 F.2d 918, 927–29, 931–32 (1974); *Reese v. Board of Parole,* 162 U.S. App.D.C. 156, 498 F.2d 698, 700–01 (1974).

*ments in the Law—Federal Habeas Corpus,* 83 Harv.L.Rev. 1038, 1167–68 (1970).[5]

■ This is exactly what Judge Oliver did in transferring the case to the District of Nebraska. The transferee District Court, however, dismissed the petition *sua sponte.* In so doing, it erroneously assumed that it must find the respondent Board of Parole present in Nebraska in order to preserve jurisdiction.[6]

■ Once the custodian of the petitioner is properly served, the question is no longer jurisdictional, but one of the most convenient forum for litigation. The District Court for the Western District of Missouri transferred the case to the District of Nebraska pursuant to 28 U.S.C. § 1404(a), observing that the place of confinement is normally the forum most convenient to the parties. *See generally Starnes v. McGuire, supra,* 512 F.2d at 929–33. It was, of course, a necessary precondition of such transfer that suit could originally have been brought in the District of Nebraska. We think it abundantly clear that the warden of the Lancaster County jail was holding petitioner at the request of and as an agent for the Board of Parole, *see Braden v. 30th*

Judicial Circuit Court, *supra,* 410 U.S. at 498–99, 93 S.Ct. at 1131–32, 35 L.Ed.2d at 454–55, and that the action thus could have been brought in Nebraska against the warden as physical custodian at the time of the filing of the instant petition. The subsequent transfer of petitioner to Oklahoma did not cause a loss of habeas corpus jurisdiction in the District of Nebraska. *See Harris v. Ciccone,* 417 F.2d 479, 480 n. 1 (8th Cir. 1969), *cert. denied,* 397 U.S. 1078, 90 S.Ct. 1528, 25 L.Ed.2d 813 (1970); *Holland v. Ciccone,* 386 F.2d 825, 827 (8th Cir. 1967), *cert. denied,* 390 U.S. 1045, 88 S.Ct. 1646, 20 L.Ed.2d 307 (1968). *Cf. Ex Parte Endo,* 323 U.S. 283, 304–07, 65 S.Ct. 208, 219–21, 89 L.Ed. 243, 256–58 (1944).

■ At this point in the ensuing minuet, petitioner is confined in the Western District of Oklahoma, where the record does not reveal a Board of Parole "presence" of the scope sufficient to have obtained jurisdiction at the time of the initiation of this action. If we simply reverse and order the District Court of Nebraska to resume jurisdiction, that court will be unable to transfer the case to Oklahoma, which now appears to be the most convenient forum. *See* 28

---

We are persuaded that no governmental interest in having suits against the Board of Parole originate in the District of Columbia, if any there be, outweighs the interest of the petitioner in obtaining a prompt resolution of his habeas corpus claims. *See* note 5, *infra.* The test, rather, is and ought to be the traditional one of whether the agent or employer served is expressly or impliedly authorized to accept service on behalf of the one sued. *See* Fed.R.Civ.P. 4(d)(3) and (4). No challenge was raised by the government in this respect and in fact in its brief the government states: "The petitioner's custodian was properly found within the Western District of Missouri."

5. In *Hensley v. Municipal Court,* 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294, 299 (1973), the Supreme Court stated:

Thus, we have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements. The demand for speed, flexibility, and simplicity is clearly evident in our decisions concerning the exhaustion doctrine, *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Brown v. Allen,* 344 U.S.

443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); the criteria for relitigation of factual questions, *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); the prematurity doctrine, *Payton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); the choice of forum, *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Strait v. Laird,* 406 U.S. 341, 92 S.Ct. 1693, 328 L.Ed.2d 141 (1972); and the procedural requirements of a habeas corpus hearing, *Harris v. Nelson,* [394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)].

6. The government, while conceding original jurisdiction in the Western District of Missouri, argues that the Nebraska District Court lost its basis of jurisdiction when the physical custody of petitioner was transferred to the Western District of Oklahoma. The government in this respect has confused jurisdiction with venue. *See Harris v. Ciccone,* 417 F.2d 479, 480 n. 1 (8th Cir. 1969), *cert. denied,* 397 U.S. 1078, 90 S.Ct. 1528, 25 L.Ed.2d 813 (1970); *Holland v. Ciccone,* 386 F.2d 825, 827 (8th Cir. 1967), *cert. denied,* 390 U.S. 1045, 88 S.Ct. 1646, 20 L.Ed.2d 307 (1968).

U.S.C. § 1404(a); *Hoffman v. Blaski,* 363 U.S. 335, 342–44, 80 S.Ct. 1084, 1088–90, 4 L.Ed.2d 1254, 1261–62 (1960). This Court, however, has inherent authority to make such transfer in the interest of justice in these extraordinary circumstances. *See Koehring Co. v. Hyde Construction Co.,* 382 U.S. 362, 364–65, 86 S.Ct. 522, 523–24, 15 L.Ed.2d 416, 418 (1966). *Cf. Farah Manufacturing Co. v. National Labor Relations Board,* 481 F.2d 1143, 1145 (8th Cir. 1973).

We therefore vacate the judgment dismissing the petition for lack of jurisdiction, and transfer the case to the United States District Court for the Western District of Oklahoma for further proceedings not inconsistent with this opinion.