James G. SHEPHERD, Petitioner,

v.

UNITED STATES BOARD OF PAROLE, Respondent.

No. 76–346–2.

United States District Court, S. D. Iowa, C. D.

Dec. 14, 1976.

James G. Shepherd, pro se.

George H. Perry, U. S. Atty., John M. Fitzgibbons, Asst. U. S. Atty., Des Moines, Iowa, for respondent.

1. The Parole Commission and Reorganization Act, Pub.L. 94–233, 90 Stat. 219 *et seq.* is currently in effect. However, throughout the progress of this case, parole revocation procedures were controlled by the former statute, 18 U.S.C. § 4205 (1970).

ORDER

HANSON, Chief Judge.

The Court has before it a petition for writ of habeas corpus filed by petitioner, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 *et seq.* An order to show cause was issued on November 4, 1976, and a response was received on November 16, 1976.

Petitioner, presently serving a concurrent ten-year sentence for breaking and entering and arson, asserts that the United States Board of Parole twice violated his constitutional rights: first, by failing to issue a parole violation warrant until after the state sentence was imposed; and, second, by failing thereafter to give him an immediate parole revocation hearing. Petitioner initially was convicted in federal court for Interstate Transportation of Stolen Property and a Dyer Act violation, and on September 23, 1970, was sentenced to a term of ten years imprisonment. On September 10, 1974, with 2,134 days remaining to be served, petitioner was released on parole only to be reincarcerated by state officials on July 31, 1975, the day upon which his appeal from a state breaking and entering conviction was affirmed. On August 25, 1975, petitioner was sentenced to a concurrent ten-year term for an arson offense committed while on parole pending appeal from his first state conviction. The United States Board of Parole, citing petitioner's arson conviction, issued a parole violation warrant on October 2, 1975 and filed the same as a detainer at the Iowa State Penitentiary on October 24, 1975. On January 28, 1976, an in-person dispositional revocation hearing was conducted for petitioner at the Iowa State Penitentiary. Execution of said warrant was subsequently deferred.

The statute pursuant to which the federal detainer was issued, 18 U.S.C. § 4205,[1] provides merely that the parole

Section 4205 provides:

A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The

violation warrant be issued within the maximum term for which the prisoner was sentenced. Clearly, since the warrant issued some five years after the ten-year federal sentence was imposed, there has been no violation of this statute. It was well within the Parole Board's discretion to delay the issuance of the parole violation warrant until petitioner had been sentenced for the intervening state convictions. And, provided the warrant was timely issued, as here, knowledge of the petitioner or state court of the possible federal detainer at the time of the state sentencing is of no consequence. *See Cooks v. United States Board of Parole,* 446 F.2d 63 (5th Cir. 1971); *cf. Creech v. United States Board of Parole,* 538 F.2d 205 (8th Cir. 1976).

With regard to petitioner's further assertion that the Parole Board's failure to give him an immediate hearing was in violation of his constitutional rights, the United States Supreme Court's recent ruling in *Moody v. Daggett,* —— U.S. ——, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) is dispositive. In the *Moody* case, the Supreme Court determined that "a federal parolee imprisoned for a crime committed while on parole" is *not* constitutionally entitled to a prompt revocation hearing. Also, contrary to petitioner's apparent contention herein, the Supreme Court denied that deferral of a parole revocation decision until execution of the parole violation warrant unconstitutionally deprives a prisoner of the opportunity to serve any sentence imposed for parole violation concurrently with the sentences imposed for the crimes committed while on parole.

Thus, since this Court finds petitioner's claims against the respondent to be without merit,

IT IS ORDERED AND ADJUDGED that the petition of James G. Shepherd for writ of habeas corpus be and the same is hereby denied.

unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney Gener-

al under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve.