Charles H. FOWLER, Jr., Petitioner,

v.

REGIONAL DIRECTOR, UNITED STATES PAROLE COMMISSION, Respondent.

No. 77–0394–CV–W–4.

United States District Court, W. D. Missouri; W. D.

May 19, 1977.

---

1. It is worthy of note that Anna Coal Company closed down right after Mr. Craft's injury in 1971. (Tr., at 69).

Charles H. Fowler, Jr., pro se.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., for respondent.

## ORDER TRANSFERRING CAUSE

ELMO B. HUNTER, District Judge.

Petitioner, a federal prisoner currently confined within the United States Penitentiary at Leavenworth, Kansas, has filed *pro se* the above-styled petition for writ of habeas corpus, challenging the revocation of his parole and the resulting sentence under which he is now confined.

Petitioner asserts that this Court possesses jurisdiction over this cause pursuant to 28 U.S.C. § 2241, and that venue is proper in the Western District of Missouri because the United States Regional Parole Commissioner resides in this District, and "is the primary and only custodian herein attacked pursuant to 28 U.S.C. § 2241(a)."

In *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–5, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973), the United States Supreme Court stated that the "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Thus, as the Court of Appeals for the Eighth Circuit concluded in *McCoy v. United States Board of Parole*, 537 F.2d 962, 964 (8th Cir. 1976), jurisdiction under 28 U.S.C. § 2241 lies not only in the district of actual confinement but also in the district where a custodian responsible for the confinement is present. Because it is the action of the United States Board of Parole and not that of the warden of the Leavenworth Penitentiary which petitioner challenges herein, one of his custodians for purposes of habeas corpus jurisdiction is the Board of Parole, *id.* at 965, and under the holding of the *McCoy* case, this Court has jurisdiction over this action because it can serve process on the custodian, the Regional Parole Commissioner, within this District.

As the Eighth Circuit noted in *McCoy*, however, although a court may have jurisdiction whenever it can serve process on the custodian, *venue* considerations may indicate that the case should be transferred elsewhere. *Id.* This is such a case. Under the provisions of 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. Because this action clearly might have been brought in the District of Kansas, where petitioner is confined, and because petitioner himself, obviously a party to this action and an essential witness, is present in the District of Kansas as a federal prisoner, presenting special problems of transportation, it is apparent that the convenience of parties and witnesses dictate a transfer of this cause to the District of Kansas. It is further significant to note that the Western District of Missouri enjoys *no* connection with any aspect of this cause other than the nominal residence of the Regional Parole Commissioner. In short, in an action such as this where a petitioner residing in Kansas challenges revocation of his parole and incarceration in Kansas as the result of acts occurring in Texas, the interest of justice requires a transfer of the action for the convenience of parties and witnesses under § 1404(a).

For the foregoing reasons, therefore, it is hereby

ORDERED that the above-styled petition for writ of habeas corpus be, and it is hereby, transferred to the United States District Court for the District of Kansas.