**John D. RASCO, Reg. No. 28262, Place of Confinement, Metropolitan Correctional Center, Miami, Florida, Petitioner,**

### v.

**SUPERINTENDENT OF the METROPOLITAN CORRECTIONAL CENTER, MIAMI, FLORIDA; U.S. Bureau of Prisons; U.S. Department of Justice, Respondents.**

### No. 82–1457–Civ–WMH.

United States District Court,
S.D. Florida,
Miami Division.

Sept. 28, 1982.

W.H. Stiles, Miami, Fla., for petitioner.

Maria Arista-Volsky, Asst. U.S. Atty., Miami, Fla., for respondents.

### ORDER

HOEVELER, District Judge.

THIS CAUSE comes before the Court upon its own *sua sponte* review of the record in this cause and the Petitioner's Motions to Amend his Petition for Habeas Corpus, to Schedule a Deferred hearing Thereon and to Return the Petitioner to this District.

Upon consideration of the record in this cause and hearing oral argument by the parties, the Court finds that it is presented with a jurisdictional issue which warrants discussion.

BACKGROUND:

At 6 p.m. on July 13, 1982, Mr. Rasco filed a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2255. Although Mr. Rasco was arrested in Miami, Florida upon a warrant issued in the Northern District of Illinois, the Petitioner filed his habeas action in the Southern District of Florida against the Superintendent of the Miami Metropolitan Correctional Center, the U.S. Bureau of Prisons and the U.S. Department of Justice.

Mr. Rasco's habeas corpus petition attacked his alleged unlawful arrest and sought his release from the Miami Metropolitan Correctional Center. The Petitioner, however, filed his petition mere hours before his scheduled transfer to a Federal Correctional Institution in Sandstone, Minnesota. Therefore, at 5 a.m. on July 14, 1982, Mr. Rasco was indeed transferred and at the time of this Court's hearing, the Petitioner was being held at a Federal Prison in Atlanta, Georgia pending further transfer enroute to Minnesota.

DISCUSSION:

Without considering the merits of Mr. Rasco's petition, this Court finds that it must first determine whether it has jurisdiction to hear the Petitioner's claim.

The Petitioner initially filed his habeas corpus petition pursuant to the provisions of 28 U.S.C. § 2255. Section 2255, however, only provides habeas relief for those attacking a Federal sentence. Since Mr. Rasco seeks to attack an alleged improper computation of parole time rather than his sentence, his action should properly be filed under 28 U.S.C. 2241. Recognizing this error, the Petitioner has sought to amend his petition in order to base his claim on the provisions outlined in 28 U.S.C. § 2241. Therefore, in the interest of justice, the Court will grant Mr. Rasco's Motion to Amend and consider his petition in light of 28 U.S.C. § 2241.

■ A petition for·habeas corpus traditionally seeks to "free the body" from unlawful detention. As a result, a Federal Court must have jurisdiction over the person holding the habeas petitioner in order to grant habeas corpus relief.

While a Court has clear jurisdiction in most habeas cases because most habeas petitioners attack a local detention based on an improper local conviction, a Court's jurisdiction may be less evident when a petitioner seeks to attack a local detention based on a conviction from another district. Moreover, additional jurisdictional questions may arise when a habeas petitioner attacks a local detention pursuant to an arrest warrant issued by a foreign district or where a petitioner is being transferred from one correctional institution to another. As a result, a Court may question whether it actually has jurisdiction over the custodian of a habeas petitioner when the petitioner has been transferred to another facility while a Court is considering his claim.

■ In this case, Mr. Rasco seeks to be released from the Metropolitan Correctional Center in Miami, Florida—a place where he is no longer incarcerated. In addition, the Petitioner is attacking an arrest warrant and parole conditions issued by the Northern District of Illinois. The Court, however, must determine whether it had jurisdiction over Mr. Rasco's custodian *at the time his habeas corpus petition was filed* "[s]ince the 'writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody' " *McCoy v. U.S. Board of Parole,* 537 F.2d 962 (8th Cir.1976) quoting from *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 at 494–495, 93 S.Ct. 1123 at 1129, 35 L.Ed.2d 443. Moreover, "it is thus 'reasonable to hold that a court has *jurisdiction* whenever it can serve process on the custodian, even when *venue* considerations indicate that the case should be transferred elsewhere.' " *See McCoy v. U.S. Board of Parole,* supra, quoting from *McCall v. Swain,* 166 U.S.App. D.C. 214, 510 F.2d 167, n. 21 (D.C.Cir.1975) (emphasis original).

In this case, Mr. Rasco filed his habeas petition in the Southern District of Florida while he was still in the custody of the Superintendent of the Miami Metropolitan

Correctional Center. Although venue considerations now show that the merits of the Petitioner claim should now be heard in a more convenient forum, this Court's jurisdiction over Mr. Rasco's custodian did not cease upon the Petitioner's transfer to a facility outside this district. Therefore, this Court finds that it had jurisdiction over the Petitioner's custodian at the time his action was filed and thus has jurisdiction to hear the Petitioner's habeas corpus claims.

This Court also finds, however, that the Southern District of Florida may not be the proper forum to hear the Petitioner's habeas claim since venue considerations indicate that this action should be transferred to a district more convenient to the parties.

■ Although at the time his habeas petition was filed Mr. Rasco's custodian was the Superintendent of the Miami Metropolitan Correctional Center, the Petitioner's present custodian is the Superintendent of the Federal Correctional Institution in Sandstone, Minnesota. Consequently, Mr. Rasco's action should be asserted against his present custodian since this Court can no longer provide the relief sought by the petitioner.

Title 28 U.S.C. § 1404 states that:

"(a) For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

With this provision in mind, it is evident that the Southern District of Florida is not a convenient forum within which to attack an arrest warrant and parole violation emanating from the Northern District of Illinois. Mr. Rasco is no longer incarcerated in this district, his present custodian is not within this district and he is contesting parole conditions prescribed by another jurisdiction. Therefore, upon appropriate motion, this action should properly be transferred to the district where the petitioner is currently held or to the district which issued a warrant for his arrest.

Consequently, it is,

ORDERED AND ADJUDGED that the Petitioner's Motion to Amend His Petition for Writ of Habeas Corpus is only granted to allow him to assert his petition under Title 28 U.S.C. § 2241. It is further,

ORDERED AND ADJUDGED that the Petitioner's Motions to Schedule Deferred Hearing on his Writ of Habeas Corpus and to have the Petitioner Returned to this Jurisdiction is hereby denied.