805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel C. OTT, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 85-3981.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This federal prisoner appeals from a district court judgment denying the habeas corpus petition he filed under 28 U.S.C. Sec. 2241. Petitioner alleged that the United States Parole Commission illegally denied him parole in violation of due process. Petitioner, who is confined in the Federal Penitentiary in Terre Haute, Indiana, filed his petition in the Northern District Court of Ohio because his parole was denied by the respondent in Cleveland, Ohio. The district court dismissed the suit for lack of jurisdiction over petitioner's custodian.
 
 
 2
 Upon review of the cause, this Court concludes that the district court properly dismissed petitioner's action for the reason stated by it. Contrary to petitioner's argument, this Court did unequivocally hold in Wright v. United States Board of Parole, 557 F.2d 74, 77 (6th Cir,1977), that the district court lacked jurisdiction to address petitioner's claims regarding the execution of his sentence because the court lacked territorial jurisdiction over petitioner's custodian. See also Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979).
 
 
 3
 Only in extraordinary cases, upon the finding of compelling reasons, should a district court permit the filing of a Sec. 2241 suit in a district other than the one having territorial jurisdiction over petitioner's custodian. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Even the case upon which petitioner exclusively relies, Reese v. United States Board of Parole, 498 F.2d 698 (D.C.Cir.1974), recognizes this rule. In fact, the court ruled in Reese that no compelling reason justified a court other than the one having territorial jurisdiction over petitioner's custodian from entertaining petitioner's Sec. 2241 collateral attack on his parole revocation.
 
 
 4
 The district court properly dismissed the petition for want of jurisdiction. Petitioner may file a petition under 28 U.S.C. Sec. 2241(b). See Watson v. Judges of United States District Court for the District of Minnesota, 321 F.2d 278 (8th Cir.1963); cf. Costlow v. Wicks, 790 F.2d 1486 (9th Cir.1986).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.